TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANE SIPE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>MUSIC GROUP OF LAS VEGAS, LLC, d/b/a/ MUSIC TRIBE; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FLSA AND FOR WRONGFUL TERMINATION**<br>[JURY TRIAL DEMANDED] |

COMES NOW, Plaintiff SHANE SIPE (hereinafter "Plaintiff") by and through his counsel, Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against MUSIC GROUP OF LAS VEGAS, LLC, d/b/a/ MUSIC TRIBE (hereinafter "Defendant") as follows:

**NATURE OF THE ACTION**

This is an FLSA case pursuant to 29 U.S.C. §§ 201 *et seq.* and supplemental Nevada law to remedy unpaid wages, unpaid overtime and unlawful employment practices and damages suffered by Plaintiff, and other similarly situated non-exempt employees.

///

///

///

1

**PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Las Vegas Nevada, was a non-exempt employee employed at MUSIC GROUP OF LAS VEGAS, LLC, d/b/a/ MUSIC TRIBE. Defendant is an "employer" as defined by the FLSA and by federal common law.

2. Plaintiff worked over 40 hours per week and 8 hours per day but was failed to receive all overtime compensation to which he was entitled for hours worked over 40 hours per week or 8 hours per day.

3. Plaintiff consents to sue with respect to his FLSA claim for relief against Defendant pursuant to § 216(b) of the FLSA and hereby seeks relief under that provision. Other similarly situated non-exempt employees may elect to join this collective action if given proper notice of the pendency of the action and an opportunity to participate by "opting in." Consents to sue on behalf of additional FLSA Collective Members may be filed as this litigation progresses.

4. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendant, acting by and through its agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendant ratified said acts and or omissions.

5. The true names or capacities, whether individual, corporate, association or otherwise, of Defendant DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendant by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendant designated herein as a DOE and a ROE CORPORATION are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend his Complaint to insert the true names and capacities of DOES I

through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendant in this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331 and 1343(3) to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. Specifically, Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (the FLSA). This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b)(1) and (2), wherein Defendant resides and/or regularly conducts business and where all of the wrongful conduct is alleged to have occurred.

8. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. § 1411.

## FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges each allegation contained in Paragraphs 1-8 as though fully set forth herein.

10. Plaintiff was hired by Defendant as a service technician on or about January 9, 2012. He was to receive an hourly salary of $16.83. He received a promotion and a raise in salary. He worked 138 hours overtime but was not paid overtime salary due to him. Plaintiff complained about not receiving overtime. Plaintiff was terminated on or about July 10, 2019 in retaliation for engaging in a protected activity, complaining about not receiving his overtime wages.

///

///

11. Defendant provides insurance coverage to its employees through an "employee welfare benefit plan" (the "Plan"), as that term is used in 29 U.S.C. § 1002(1). Based upon information and belief, Defendant is both the "sponsor" and the "administrator" of the Plan, as those terms are used in 29 U.S.C. § 1002(16).

12. The Consolidated Omnibus Budget Reconciliation Act ("COBRA") has notification provisions requiring Defendant to provide timely and adequate notice regarding Plaintiff's right to continue participation in Defendant's Plan following Defendant's termination of Plaintiff's employment. Plaintiff received no requisite notice. Plaintiff is entitled to the maximum statutory damages detailed in section 502(c) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(c).

13. Plaintiff requested his personnel file be provided to him on or about July 17, 2019. NRS § 613.075 provides that an employee may receive a copy of his or her personnel file when requested, provided the employee has worked for a minimum of 60 days' time for the employer and has timely requested his or her personnel file. Plaintiff was entitled to a copy of his file but was not provided his personnel file. Plaintiff's counsel requested a copy of Plaintiff's personnel file as well. Plaintiff's personnel file was never provided to Plaintiff although timely requested by both Plaintiff and his counsel.

14. NRS § 608.020 provides that whenever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately. The penalty for failure to pay a discharged employee within three (3) days after the wages or compensation of a discharged employee becomes due provides that the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for thirty (30) days, whichever is less, per NRS § 608.040 and NRS § 608.050. See also, NRS § 608.110.

15. Plaintiff was compelled to retain counsel to protect his legal rights. Counsel for Plaintiff sent a written demand for back wages and commissions owed to Plaintiff to Defendant's counsel, but Defendant refused to provide back wages and commissions owed to Plaintiff. More than five days' time has expired since Plaintiff's counsel has sent a written demand for back wages and commissions to Plaintiff. If Plaintiff prevails, Plaintiff is entitled to his legal fees pursuant to statute. In fact, Defendant did not respond to Plaintiff's demand at all.

16. Defendant was obligated to provide Plaintiff with his W2 federal income tax return information no later than January 31, 2020, but Defendant failed to provide it to Plaintiff.

17. Plaintiff is non-exempt. Plaintiff brings these claims individually and on behalf of all non-exempt employees subject to Defendant's time-and-attendance practices.

## CLASS ALLEGATIONS

18. Plaintiff repeats and realleges each allegation contained in Paragraphs 1-17 as though fully set forth herein.

19. Plaintiff is, generally, current or former non-exempt employees, *i.e.*, not paid a salaried wage. Upon information and belief, Defendant manipulates all of their non-exempt employees' time worked to ensure it does not pay overtime wages.

20. Plaintiff brings his claim for relief for violation of the FLSA as an "opt-in" collective action pursuant to § 216(b) of the FLSA on behalf of all persons who were, are or will be employed by Defendant as non-exempt employees subject to Defendant's wage-and-hour practices because they were both non-exempt employees, subject to Defendant's general time-and-attendance policies.

21. Questions of law and fact common to the FLSA Collective Members as a whole include, but are not limited to, the following:

///

a. Whether Defendant unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA;

b. Whether Defendant's failure to pay overtime to its non-exempt FLSA Collective Plaintiffs was willful within the meaning of the FLSA;

c. Whether Defendant failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Members and prospective FLSA Collective Members;

d. Whether Defendant failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Plaintiffs and prospective FLSA Collective Members;

e. Whether Defendant failed and continue to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Plaintiffs and prospective FLSA Collective Members;

f. Whether Defendant's time-and-attendance policy discussed above, is a company-wide policy that affects all non-exempt employees, who have had their time reduced by Defendant.

22. Plaintiff and FLSA Collective Members are similarly situated, have substantially similar job requirements, and pay provisions, and are subject to Defendant's common practice, policy or plan of refusing to pay minimum wage and overtime in violation of the FLSA and/or requiring employees to work-off-the-clock and are subject to Defendant's time-and-attendance policies that deprives all Plaintiff, and others similarly situated, minimum wage and overtime worked.

23. Plaintiff's Claims for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA, for all claims asserted by the Plaintiff and the FLSA Collective Members (FLSA claims) because Plaintiff's claims are similar to the claims of the members of the prospective FLSA Collective Members.

///

24. While the exact number of FLSA Collective Members is unknown to Plaintiff at present, based on information and belief, there are more than 50 such members. A collective action is the most efficient mechanism for resolution of the FLSA Collective Members' claims.

25. The FLSA Collective Members, on behalf of whom Plaintiff brings this "opt-in" action, are similarly situated because they have been or are employed in similar positions and were subject to the similar unlawful practices as the individually named Plaintiff.

26. The number and identity of other Plaintiffs yet to opt-in and consent to be a Plaintiff may be determined from the records of Defendant and potential Plaintiffs may be notified of the pendency of this action utilizing Defendant's payroll records.  At all times during the FLSA Collective Period, all of the FLSA Collective Members were employed in the same or similar job as Plaintiff and were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

27. During the FLSA Collective Period, Defendant knew Plaintiff and FLSA Collective Members were working uncompensated overtime.

28. Defendant's violations of the FLSA, § 207, were repeated, intentional and willful.

29. Plaintiff and FLSA Collective Members have been damaged by Defendant's FLSA § 207 violations.

30. Pursuant to §§ 207(a) and 216(b), Defendant is liable to Plaintiff and the FLSA Collective Members for the full amount of all their unpaid wages, including overtime, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs of the Plaintiff and FLSA Collective Members who affirmatively "opt-in" to this collective action.

31. In addition, an action under § 216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by the individual members of the FLSA Collective Action may be relatively small, and the expense and burden of the

individual redress would make it impossible for such FLSA Collective Members to individually redress the harms.

32. Moreover, because of the similarity of the FLSA Collective Members' claims, individual actions would present the risk of inconsistent adjudications, subjecting both employees and Defendant to incomparable standards of conduct.

33. Plaintiff is currently unaware of the identities of all the FLSA Collective Members. Accordingly, Defendant should be ordered to provide Plaintiff with a list of all persons, inclusive of phone numbers and addresses of all persons employed by Defendant for the past three years' time that were non-exempt employees subject to Defendant's time-and-attendance policies. That would allow FLSA Collective Members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## FIRST CLAIM FOR RELIEF

### (Violation of the Fair Labor Standards Act – Wages on Behalf of Plaintiff, And All Others Similarly Situated)

34. Plaintiff realleges and reincorporates each allegation set forth above.

35. Plaintiff consents to sue in this action pursuant to § 216(b) of the FLSA. Additional potential FLSA Collective Members may execute and file forms consenting to "opt-in" and joining as a Plaintiff in this collective action.

36. This claim arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq*., for its failure to pay Plaintiff overtime wages and all others similarly situated for all time worked in excess of forty (40) hours in individual work weeks.

37. At all times material hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).  Plaintiff, and all others similarly situated, was not compensated for time worked during after their shift.

38. Defendant has a policy, program or practice it implemented to fail or refuse to pay employees' time worked over forty (40) hours per week to avoid overtime. In truth, Plaintiff repeatedly worked more than forty hours per week. Defendant failed to keep accurate records of time non-exempt employees worked, in violation of 29 C.F.R. § 516.2 *et seq.*

39. At all times relevant, Plaintiff, and all others similarly situated, were employed by Defendant in non-exempt positions and are entitled to 1.5 times their regularly rate in overtime wages for all hours worked over 8 hours per day and 40 hours in a week pursuant to 29 U.S.C. § 207.

40. Plaintiff, and all others similarly situated, were subject to a companywide policy that purposefully, or alternatively negligently, deprived them overtime wages for at least the past three years for un-clocked work or off-the-clock work performed that benefited Defendant. Upon information and belief, this practice of failing to pay employees and effectively forcing them to work off-the-clock is common practice of Defendant.

41. Defendant did not compensate Plaintiff and those similarly situated at a rate of 1.5 times his regular hourly rate of pay for all time worked in excess of 8 hours per day and 40 hours in individual workweeks, as required by the FLSA.

42. Defendant's refusal and failure to pay lawful wages, including overtime wages, to Plaintiff and those similarly situated for all time worked in excess of 40 hours per week violated 29 U.S.C. § 207. Per the FLSA, Plaintiff, and those similarly situated, seek all available damages including but not limited to wages, liquidated damages, attorneys' fees, punitive damages and costs.

43. Plaintiff, on his behalf and all others similarly situated who consent in writing to join this action seek, on this First Claim for Relief, a judgment for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, with such sums to be determined on an accounting of the hours worked by, and wages actually paid to, the named

Plaintiff and any such other person who consent to join this action. Plaintiff also seeks an award of attorneys' fees, interest and costs as provided for by the FLSA, as well as punitive damages if viable.

**SECOND CLAIM FOR RELIEF**

**(Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140, 608.016)**

44. Plaintiff realleges and reincorporates each allegation set forth above.

45. NRS 608.140 provides that an employee has a private right of action for unpaid wages and may be entitled to attorneys' fees as costs of suit: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Counsel for Plaintiff sent a written demand for back wages and commissions owed to Plaintiff to Defendant's counsel, but Defendant refused to provide back wages and commissions owed to Plaintiff. More than five days' time has expired since Plaintiff's counsel has sent a written demand for back wages and commissions to Plaintiff. Defendant, in fact, did not respond to Plaintiff's demand for overtime wages, for Plaintiff's personnel file, and for Plaintiff's COBRA notice, nor has Defendant provided Plaintiff with his W2.

46. NRS 608.016 states, "An employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. *See,* NRS 608.011 (defining an "employer" as "every person having control or custody … of any employee."). Pursuant to the Nevada Administrative Code, hours worked

includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

47. By failing to compensate Plaintiff, and those similarly situated for the time spent engaged in work activities described above, Defendant also failed to pay Plaintiff, and those similarly situated for all hours worked in violation of NRS 608.140 and 608.016.

48. Plaintiff, and those similarly situated should have received their regular rate of pay, or the minimum wage, whichever is higher, in a sum according to proof for the hours worked, but not compensated, during the Class Period. Defendant therefore owes Plaintiff, and those similarly situated overtime, as well as liquidated damages in an equal amount to the wages owed, and has failed and refused, and continues to fail and refuse, to pay Plaintiff, and those similarly situated the amounts owed.

49. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

50. Wherefore, Plaintiff, and those similarly situated, demand for themselves and for Class Members that Defendant pay Plaintiff, and those similarly situated, their regular hourly rate of pay for all hours worked for three years from the date of filing this complaint until the date of judgment in this action together with attorneys' fees, costs, and interest as provided by law.

**THIRD CLAIM FOR RELIEF**

**(Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant**

**to NRS 608.140 and 608.020-.050)**

51. Plaintiff realleges and reincorporates each allegation set forth above.

52. NRS 608.140 provides that an employee has a private right of action for unpaid wages. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages

11

and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

53. NRS 608.040(1)(a-b), in relevant part, states that "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

54. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

55. By failing to pay Plaintiff, and those similarly situated, who are former employees of Defendant all their wages owed for all hours worked in violation of NRS 608.140, 608.016, and 608.018, Defendant has failed to timely remit all wages due and owing to Plaintiffs and Class Members who are former employees.

56. Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiff, and those similarly situated, who are former employees all the wages that were due and owing upon the termination of their employment.

57. Because there is no express statute of limitations for violations of NRS 608.020-050 and NRS 608.140, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

///

///

58.     Wherefore, Plaintiff, and those similarly situated, demand thirty (30) days wages under NRS 608.040 and NRS 608.140, and thirty (30) days wages under NRS 608.050 and NRS 608.140, together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CLAIM FOR RELIEF

### (Wrongful Termination in Violation of Public Policy)

59.     Plaintiff realleges and reincorporates each allegation set forth above.

60.     Plaintiff was engaging in conduct which public policy favors, in that he requested payment of his overtime wages that he had earned  - which is either recognized by Nevada law as a favorable public policy or which, in good faith, Nevada law should recognize as a favorable public policy.  Defendant terminated Plaintiff for requesting payment of his overtime wages.

61.     Defendant wrongfully terminated Plaintiff in violation of public policy.  Defendants knew or should have known that its termination of Plaintiff was wrongful and would cause Plaintiff damages, including emotional distress.  Therefore, Defendant knew or should have known that Plaintiff's special and general damages were foreseeable and would cause Plaintiff emotional distress.

62.     Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff for engaging in this protected activity and thus Plaintiff is entitled to punitive damages.

63.     The harassment made toward Plaintiff was made and perpetrated with the specific motive to harass Plaintiff, and did, in fact, create a hostile, stressful, and intolerable work environment for Plaintiff.

64.     As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, prays for judgment against Defendant as follows:

1. For an order conditionally certifying this action under the FLSA and providing notice to all members of the Class so they may participate in this lawsuit;

2. For an order certifying this action as a class action under FRCP Rule 23 on behalf of each of the Class Members;

3. For an order appointing Plaintiff as the representative of the Class and their counsel as Class Counsel;

4. For damages according to proof for regular rate pay under federal laws for all hours worked;

5. For damages according to proof for overtime compensation at the applicable rate under federal law for all hours worked over 40 per week;

6. For liquidated damages pursuant to 29 U.S. C. § 216(b);

7. For thirty (30) days wages pursuant to NRS 608.140 and NRS 608.040;

8. A declaratory judgment that the practices complained of are unlawful under the FLSA, §§ 201 *et seq.*;

9. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all other persons acting in concert with it, from engaging in each of the unlawful acts, policies, practices, etc., set forth herein, including an injunction ordering Defendant to produce Plaintiff's personnel file;

///

///

10. An award of damages, including liquidated and exemplary damages and waiting time penalties and other statutory penalties, in violation of COBRA and other statutes, as set forth herein;

11. For interest as provided by law at the maximum legal rate;

12. For reasonable attorneys' fees authorized by statute;

13. For costs of suit incurred herein;

14. For pre-judgment and post-judgment interest, as provided by law, and

15. For such other and further relief as the Court may deem just and proper.

Dated this 13th day of February 2020.　　　**HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703    South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
　　*Attorney for Plaintiffs*