Mark H Hutchings, Esq.
Nevada Bar No. 12783
**HUTCHINGS LAW GROUP, LLC**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 660-7700
Facsimile: (702) 552-5202
MHutchings@HutchingsLawGroup.com
*Attorneys for Music Tribe Commercial NV Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANE SIPE, an individual<br><br>Plaintiff,<br><br>v.<br><br>MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.   2:20-cv-00299-JCM-BNW<br><br>**MUSIC TRIBE COMMERCIAL NV INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FLSA AND FOR WRONGFUL TERMINATION** |

COMES NOW, Music Tribe Commercial NV Inc., erroneously named as MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE ("Defendant"), in Answer to the Complaint filed by Shane Sipe and admit, deny and aver as follows:

**NATURE OF THE ACTION**

Responding to this un-numbered paragraph, this statement contains no allegation of law or fact to which a response is required.

**ANSWER**

1. Answering paragraphs 27, 28, 40, 56, 61, 62, and 63 of Plaintiff's Complaint, Defendant denies the allegations.

2. Answering paragraphs 1, 2, 3, 4, 5, 7, 10, 15, 16, 19, 21, 22, 23, 24, 25, 26, 29, 30, 31, 32, 33, 36, 37, 38, 39, 41, 42, 47, 48, 50, 55, 58, 60 and 64 of Plaintiff's Complaint, Defendant lack sufficient information and belief to either admit or deny the allegations and therefore denies them.

3. Answering paragraphs 8, 9, 14, 18, 34, 44, 46, 51, 52, 53, 54, 59 these contain

statements of law to which no response is required.

4. Answering paragraphs 6, 11, 12, 13, 20, 35, 43, 45, 49, 57, these contain statements of law to which no response is required and/or contain allegations of fact for which Defendant lacks sufficient knowledge and information and Defendant therefore denies the allegations.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail for want of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The facts do not justify certification of a class pursuant to Fed. R. of Civ. Proc. 23, and this action is not properly brought as a class action.

### FOURTH AFFIRMATIVE DEFENSE

There are insufficient facts to certify Plaintiff as a proper representative of the class he purports to represent and, therefore, this action is not properly brought as a class action.

### FIFTH AFFIRMATIVE DEFENSE

Defendant did not commit the alleged or any wrongful act against Plaintiff and/or the members of the putative class and, therefore, Defendant is not responsible for any alleged damages to Plaintiff and/or the members of the putative class.

### SIXTH AFFIRMATIVE DEFENSE

Defendant believes and on that basis alleges that Plaintiff and/or the members of the purported class have not suffered damages as a result of any action taken by Defendant and, as a result, Plaintiff and/or the members of the purported class are barred from asserting any claims for relief against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages which the Plaintiff and/or the members of the purported class may be found entitled to in this action, if any, were not directly or proximately caused, in whole or in

part, by Defendant, and must be decreased to the extent acts of omission of Plaintiff, the members of the putative class, or any other third party were a cause of those damages.

### EIGHTH AFFIRMATIVE DEFENSE

Any acts taken by Defendant were privileged acts under the law and done by virtue of all parties' mutual understandings and therefore the action is barred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or the members of the putative class would be unjustly enriched if they recovered from Defendant any of the damages alleged.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the members of the putative class consented and/or acquiesced to all of Defendant's acts and conduct, therefore the claims of Plaintiff and/or the putative class members are barred.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the applicable statutes of limitation.

### TWELVTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the members of the putative class, by reason of their own acts, omissions, representations, and/or course of conduct, are estopped from asserting, and have waived any right to assert, each of their respective claims against Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the doctrine of unclean hands.

/ / /

/ / /

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred or limited by the fact that Defendant acted reasonably and in good faith at all times material herein, based on the relevant facts and circumstances known by Defendants at the time they so acted.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the fact that they are frivolous, designed to harass and annoy, or do not contain a good faith basis in fact or law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the doctrine of estoppel to the extent Defendant detrimentally relied on Plaintiff and/or the members of the putative class' representations, actions, and/or failures to act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The relief and remedies sought by Plaintiff and/or the putative class members violate Defendant's rights to due process under the Nevada and United States Constitutions.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff and/or the putative class members lack standing to bring any of the claims alleged against Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff and/or the putative class members are barred by the requirements of 29 USC 201 *et seq.* from bringing claims under that statute against Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff and/or the putative class members are barred by the requirements of 29 USC 216(b) from certification of this matter as a collective action against Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The provisions of NRS 608.016 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The provisions of NRS 608.018 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The provisions of NRS 608.020-050 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The provisions of NRS 608.140 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The provisions of NRS 613.075 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The termination of Plaintiff and/or putative class members by the Defendant was justified and not contrary to public policy, statute, rule, code, or contract.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent reasonable, Plaintiff and/or putative class members failed to mitigate their damages and any award of damages, if any, should be offset by said amounts.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

On information and belief, Defendant alleges that the Plaintiff and/or putative class members' complaint is barred, in whole or in part, because Defendants, to the extent required to do so, acted in compliance with all applicable laws, statutes, and regulations.

/ / /

/ / /

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

## THIRTEETH AFFIRMATIVE DEFENSE

Defendant's allege that the complaint is barred, in whole or in part, because any damages sustained by Plaintiff and/or putative class members was caused by the conduct of third parties over which Defendant had no control.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff and/or putative class members seek equitable relief from Defendant, or the Court, Plaintiff and/or putative class members have adequate legal remedies for their alleged injuries, if any.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or putative class members are not entitled to recover attorney fees from Defendant for lack of sufficient basis, and/or Plaintiff and/or putative class members request for attorney fees must be limited by contract, rule, statute, or by the Court's discretion.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant incorporates by reference all defenses set forth within Fed. R. Civ. Proc. 8(c)(1) as if fully set forth herein.  In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave from the Court to amend the Answer to specifically assert the same.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Defendant has failed to asset any defenses within this Answer, Defendant specifically reserves the right to amend this Answer to include such defenses, and further reserves the right to assert such defenses as may be discovered throughout the course of discovery, litigation, or trial, independent of amendment of this Answer, and upon the Court's approval.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, Music Tribe Commercial NV Inc., erroneously named as MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE, prays for judgment as follows:

1. That Plaintiff and members of the putative class take nothing by this action;

2. That a judgment of dismissal be entered in favor of Defendant, Music Tribe

Commercial NV Inc., erroneously named as MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE, and against Plaintiff's and the members of the putative class;

3. That Defendant, Music Tribe Commercial NV Inc., erroneously named as MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE, be awarded attorney fees and costs of suit;

4. That Plaintiff and the members of the putative class' request for class certification pursuant to Fed. R. Civ. Proc. 23 be denied;

5. That Plaintiff and the members of the putative class' request for class certification under the FLSA be denied;

6. That Plaintiff and the members of the putative class' request for equitable relief be denied; and

7. For such other relief that the Court deems just and proper.

Dated: May 5, 2020                                             HUTCHINGS LAW GROUP, LLC

By: /s/  *Mark H. Hutchings, Esq.*
Mark H. Hutchings, Esq.
552 E. Charleston Blvd.
Las Vegas, NV 89104
Telephone: (702) 660-7700
MHutchings@HutchingsLawGroup.com
*Attorney for Music Tribe Commercial NV Inc.*

# **CERTIFICATE OF SERVICE**

I am employed in the County of Clark, State of Nevada. I am over the age of 18 and not a party to the within action. My business address is 552 E. Charleston Blvd., Las Vegas, NV 89104.

On the date set forth below, I served the document(s) described as:

1. **MUSIC TRIBE COMMERCIAL NV INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FLSA AND FOR WRONGFUL TERMINATION**

on the person(s) listed below:

**Trevor J. Hatfield, Esq.**
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, NV 89101
*Attorneys for plaintiff Shane Sipe*

__X__ (BY ELECTRONIC SERVICE) Pursuant to Local Rule IC 4-1 of the United States District Court for the District of Nevada, I caused the document(s) described above to be transmitted electronically to the addressee(s) as set forth above.

__X__ (FEDERAL) I declare that I am employed in the office of an attorney admitted to practice in this Court at whose direction the service was made.

Dated: May 5, 2020

*/s/ Helen Buenrostro*
An employee of HUTCHINGS LAW GROUP