TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANE SIPE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MUSIC GROUP OF LAS VEGAS, LLC, d/b/a MUSIC TRIBE; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO: 2:20-cv-00299-JCM-BNW<br><br>**STIPULATED DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER PURSUANT TO F.R.C.P. 26 AND LR 26-1(b)** *et seq.* |

**SPECIAL SCHEDULING REVIEW REQUESTED:  X  YES  ___ NO**

Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., on behalf of Plaintiff SHANE SIPE ("Plaintiff"), and Mark H. Hutchings, Esq., of the law firm of Hutchings Law Group, LLC, on behalf of Defendant MUSIC GROUP OF LAS VEGAS, LLC, d/b/a MUSIC TRIBE ("Defendant"), hereby submit and stipulate to the following Discovery Plan and Scheduling Order pursuant to the Fed. R. Civ. P. 26 and Local Rule ("LR") 26-1(b), *et seq*.

**I.**

**INFORMATION REQUIRED BY FEDERAL RULE 26(F)**

**A. Initial Disclosure and Conference of the Parties** – On May 21, 2020, counsel for the parties met and conferred pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a).  Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff provided Defendant his initial disclosures on June 8, 2020.  Defendant

shall provide its initial disclosures to Plaintiff on or before June 19, 2020. The parties will physically exchange their disclosures, *i.e.*, send them either via electronic format such as email or mail a copy of the documents to opposing counsel. The disclosures shall be sequentially numbered, with each side using their unique "bates-stamp" numbering identification system. As it relates to discovery, whether issued or responded to, the parties shall upon request exchange Microsoft Word copies, rich text format, or text format, of their requests, to facilitate the just, speedy and inexpensive determination of this proceeding, as envisioned by Fed. R. Civ. P. 1.

**B. Scope of Discovery** – The parties agree that, consistent with Fed. R. Civ. P. 26 and the Local Rules, discovery may be conducted regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in Fed. R. Civ. P. 26(b)(1). The parties do not presently believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure (hereinafter, "FRCP") or Local Rules. Discovery need not be conducted in phases or limited to or focused on particular issues at this point.

**C. Changes in the Timing, Form, or Requirements for Disclosures** – The parties have conferred and agree that the timing of disclosures should be scheduled in accordance with Fed. R. Civ. P. 26 as set forth below.

**D. Electronically Stored Information** – The parties do not believe there will be any issues concerning disclosure or discovery of electronically stored information or the form in which it should be produced. If a dispute arises, the parties will meet and confer to attempt to reach informal resolution before raising such issues with the Court.

**E. Privilege & Protective Orders** – The parties do not believe there will be any issues concerning claims of privilege or protection of trial preparation materials. The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work

product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return and no longer retain the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

The parties further agree to file a proposed Protective Order governing the production of any confidential or otherwise sensitive information that may be exchanged in discovery.

**F. Pretrial Conference** – The Defendants request that the Court enter an order that a representative of a party who is represented by counsel need not appear at any pretrial conference scheduled by this Court.

**G. Request Orders** – No orders are requested to be entered pursuant to Fed. R. Civ. P. 26(c), 16(b), or 16(c) at this time, other than those included in this Stipulation or the Local Rules.

**H. Certifications Pursuant to LR 26-1(b)(7), (b)(8), (b)(9)** – The Parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, as required by LR 26-1(b)(7). Pursuant to LR 26-1(b)(8), the parties further certify that they each considered

consent to trial by a magistrate judge under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).  Pursuant to LR 26-1(b)(9), the parties further certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  The parties stipulate that where evidence is available in electronic format compatible with the court's electronic jury evidence display system, the parties will produce such evidence to one another in such electronic format, rather than in hard copy, during discovery.  The parties further stipulate that in order to bates-stamp any evidence produced in electronic format, such electronic evidence will be produced on a bates-stamped CD or DVD, such that the parties may refer to a bates-stamp when preserving any such evidence at trial.

## II.

### INFORMATION REQUIRED BY LOCAL RULE 26-1(B)

**A. Discovery Cut-Off Date** - LR 26-1(b)(1)

On **May 5, 2020**, Plaintiff filed this action in federal court.  On **May 14, 2020**, Plaintiff filed his First Amended Complaint.  On **May 5, 2020**, Defendant first appeared in this case after they filed their Answer pursuant to Fed. R. Civ. P. 12(b)(6).  The Parties believe discovery will take approximately one hundred eighty (180) days.  Pursuant to LR 26-1(b)(1), the discovery cut-off, unless extended by further order of this Court, shall therefore be **November 17, 2020,** which is 180 days after the parties convened for the discovery planning conference.  The parties anticipate the additional time will be needed to accommodate scheduling challenges related to the COVID-19 pandemic.  This proposed deadline therefore does exceed the presumptive limits of LR 26-1(b)(1).

**B. Amending Pleadings, Adding Parties** - LR 26-1(b)(2)

The last day to file motions to amend the pleadings or add parties shall be **August 19, 2020**, or 90 days before the discovery cut-off date.

///

**C.  FRCP 26(A)(2) Expert Witness Disclosures** - LR 26-1(b)(3)

Disclosures of expert witnesses shall be made at least sixty (60) days prior to the close of discovery (*i.e.,* on or before **September 18, 2020**, and disclosures of rebuttal experts shall be made by no later than thirty (30) days thereafter (*i.e.*, on or before **October 19, 2020** as the 30th day after September 18, 2020 is Sunday, October 18, 2020, which is no less than thirty (30) days before the close of discovery.

**D.  Dispositive Motions** - LR 26-1(b)(4)

Dispositive motions shall be filed by no later than thirty (30) days after the discovery cut-off date; *i.e.*, on or before **December 17, 2020**.

**E.  Pretrial Order -** LR 26-1(b)(5)

The Joint Pretrial Order shall be filed by no later than thirty (30) days following the deadline for dispositive motions set forth above; *i.e.,* by no later than **January 18, 2021**, as the 30th day after December 17, 2020 is Saturday, January 16, 2021, which is no less than thirty (30) days after the Dispositive motions deadline, unless a dispositive motion is filed (in which case, the Joint Pretrial Order shall be due by on or before the thirtieth (30th) day following decision of the dispositive motion or further order of the Court).

**F.  FRCP 26(A)(3) Pretrial Disclosures** - LR 26-1(b)(6)

The pretrial disclosures required by Rule 26(a)(3) of the FRCP shall be included in the Joint Pretrial Order.  To facilitate the same and allow for objections to be included in the order, the parties agree to exchange drafts of these disclosures ten (10) days before the Joint Pretrial Order is due – currently by **January 8, 2021**.  (It is understood that, pursuant to FRCP 6(1)(C), if any of the above deadlines are a Saturday, Sunday, or legal holiday, the deadline continues to the next day that is not a Saturday, Sunday, or legal holiday.)

/ / /

## III.

## ADDITIONAL DEADLINES

**A. Interim Status Report** - LR 26-3

In compliance with LR 26-3, the parties shall submit an interim status report stating the time they estimate will be required for trial, giving three (3) alternative available trial dates, and stating whether, in the opinion of counsel who will try the case, trial will be eliminated or its length affected by substantive motions, by no later than sixty (60) days prior to the discovery cut-off, *i.e.*, on or before **September 18, 2020**.

The Parties further stipulate that any request for extensions of the deadlines set forth in this Stipulated Discovery Plan and Scheduling Order will be submitted at least twenty-one (21) days prior to the deadline at issue, unless for good cause shown.

**IT IS SO STIPULATED.**

DATED this 18th day of June, 2020.

**HATFIELD & ASSOCIATES**

By: */s/ Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 S. Eighth Street
Las Vegas, Nevada 89101
Tel: (702) 388-4469
Fax: (702) 386-9825
Email: thatfield@hatfieldlawassociates.com
*Attorney for Plaintiff Shane Sipe*

DATED this 18th day of June, 2020

**HUTCHINGS LAW GROUP, LLC**

By: */s/ Mark H. Hutchings*
Mark H. Hutchings, Esq. (SBN 12783)
552 E. Charleston Boulevard
Las Vegas, Nevada 89104
Tel.: (702) 660-7700
Fax: (702) 552-5202
Email: MHutchings@HutchingsLawGroup.com
*Attorneys for Defendant Music Tribe Commercial NV Inc.*

**IT IS SO ORDERED**

this _____ day of _____, 2020

_____
UNITED STATES MAGISTRATE JUDGE