Mark H Hutchings, Esq.
Nevada Bar No. 12783
**HUTCHINGS LAW GROUP, LLC**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 660-7700
Facsimile: (702) 552-5202
MHutchings@HutchingsLawGroup.com
*Attorneys for Music Tribe Commercial NV Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANE SIPE, an individual<br><br>Plaintiff,<br><br>v.<br><br>MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.   2:20-cv-00299-JCM-BNW<br><br>**MUSIC TRIBE COMMERCIAL NV INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FLSA AND FOR WRONGFUL TERMINATION**<br><br>**AND COUNTERCLAIM** |

COMES NOW, Music Tribe Commercial NV Inc., erroneously named as MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE ("Defendant"), in its First Amended Answer to the First Amended Complaint filed by Shane Sipe and admit, deny and aver as follows:

**NATURE OF THE ACTION**

Responding to this un-numbered paragraph, this statement contains no allegation of law or fact to which a response is required.

**ANSWER**

1. Answering paragraphs 27, 28, 40, 56, 61, 62, and 63 of Plaintiff's First Amended Complaint, Defendant denies the allegations.

2. Answering paragraphs 1, 2, 3, 4, 5, 7, 10, 15, 16, 19, 21, 22, 23, 24, 25, 26, 29, 30, 31, 32, 33, 36, 37, 38, 39, 41, 42, 47, 48, 50, 55, 58, 60 and 64 of Plaintiff's First Amended Complaint, Defendant lack sufficient information and belief to either admit or deny the allegations and therefore denies them.

3. Answering paragraphs 8, 9, 14, 18, 34, 44, 46, 51, 52, 53, 54, 59 these contain statements of law to which no response is required.

4. Answering paragraphs 6, 11, 12, 13, 20, 35, 43, 45, 49, 57, these contain statements of law to which no response is required and/or contain allegations of fact for which Defendant lacks sufficient knowledge and information and Defendant therefore denies the allegations.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail for want of subject matter jurisdiction.

THIRD AFFIRMATIVE DEFENSE

The facts do not justify certification of a class pursuant to Fed. R. of Civ. Proc. 23, and this action is not properly brought as a class action.

FOURTH AFFIRMATIVE DEFENSE

There are insufficient facts to certify Plaintiff as a proper representative of the class he purports to represent and, therefore, this action is not properly brought as a class action.

FIFTH AFFIRMATIVE DEFENSE

Defendant did not commit the alleged or any wrongful act against Plaintiff and/or the members of the putative class and, therefore, Defendant is not responsible for any alleged damages to Plaintiff and/or the members of the putative class.

SIXTH AFFIRMATIVE DEFENSE

Defendant believes and on that basis alleges that Plaintiff and/or the members of the purported class have not suffered damages as a result of any action taken by Defendant and, as a result, Plaintiff and/or the members of the purported class are barred from asserting any claims for relief against Defendant.

SEVENTH AFFIRMATIVE DEFENSE

Any damages which the Plaintiff and/or the members of the purported class may be

found entitled to in this action, if any, were not directly or proximately caused, in whole or in part, by Defendant, and must be decreased to the extent acts of omission of Plaintiff, the members of the putative class, or any other third party were a cause of those damages.

## EIGHTH AFFIRMATIVE DEFENSE

Any acts taken by Defendant were privileged acts under the law and done by virtue of all parties' mutual understandings and therefore the action is barred.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or the members of the putative class would be unjustly enriched if they recovered from Defendant any of the damages alleged.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the members of the putative class consented and/or acquiesced to all of Defendant's acts and conduct, therefore the claims of Plaintiff and/or the putative class members are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the applicable statutes of limitation.

## TWELVTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the members of the putative class, by reason of their own acts, omissions, representations, and/or course of conduct, are estopped from asserting, and have waived any right to assert, each of their respective claims against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the doctrine of unclean hands.

/ / /

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred or limited by the fact that Defendant acted reasonably and in good faith at all times material herein, based on the relevant facts and circumstances known by Defendants at the time they so acted.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the fact that they are frivolous, designed to harass and annoy, or do not contain a good faith basis in fact or law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff and/or the members of the putative class are barred by the doctrine of estoppel to the extent Defendant detrimentally relied on Plaintiff and/or the members of the putative class' representations, actions, and/or failures to act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The relief and remedies sought by Plaintiff and/or the putative class members violate Defendant's rights to due process under the Nevada and United States Constitutions.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff and/or the putative class members lack standing to bring any of the claims alleged against Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff and/or the putative class members are barred by the requirements of 29 USC 201 *et seq.* from bringing claims under that statute against Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff and/or the putative class members are barred by the requirements of 29 USC 216(b) from certification of this matter as a collective action against Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The provisions of NRS 608.016 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The provisions of NRS 608.018 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The provisions of NRS 608.020-050 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The provisions of NRS 608.140 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The provisions of NRS 613.075 do not apply to Plaintiff and/or putative class members or the Defendant and therefore any action against the Defendant on this basis is barred or otherwise limited.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The termination of Plaintiff and/or putative class members by the Defendant was justified and not contrary to public policy, statute, rule, code, or contract.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent reasonable, Plaintiff and/or putative class members failed to mitigate their damages and any award of damages, if any, should be offset by said amounts.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

On information and belief, Defendant alleges that the Plaintiff and/or putative class members' complaint is barred, in whole or in part, because Defendants, to the extent required to do so, acted in compliance with all applicable laws, statutes, and regulations.

/ / /

/ / /

### THIRTEETH AFFIRMATIVE DEFENSE

Defendant's allege that the complaint is barred, in whole or in part, because any damages sustained by Plaintiff and/or putative class members was caused by the conduct of third parties over which Defendant had no control.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff and/or putative class members seek equitable relief from Defendant, or the Court, Plaintiff and/or putative class members have adequate legal remedies for their alleged injuries, if any.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or putative class members are not entitled to recover attorney fees from Defendant for lack of sufficient basis, and/or Plaintiff and/or putative class members request for attorney fees must be limited by contract, rule, statute, or by the Court's discretion.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant incorporates by reference all defenses set forth within Fed. R. Civ. Proc. 8(c)(1) as if fully set forth herein.  In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave from the Court to amend the Answer to specifically assert the same.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Defendant has failed to asset any defenses within this Answer, Defendant specifically reserves the right to amend this Answer to include such defenses, and further reserves the right to assert such defenses as may be discovered throughout the course of discovery, litigation, or trial, independent of amendment of this Answer, and upon the Court's approval.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant, Music Tribe Commercial NV Inc., erroneously named as MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE, prays for judgment as follows:

1. That Plaintiff and members of the putative class take nothing by this action;
2. That a judgment of dismissal be entered in favor of Defendant, Music Tribe

Commercial NV Inc., erroneously named as MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE, and against Plaintiff's and the members of the putative class;

3. That Defendant, Music Tribe Commercial NV Inc., erroneously named as MUSIC GROUP OF LAS VEGAS, LLC d/b/a MUSIC TRIBE, be awarded attorney fees and costs of suit;

4. That Plaintiff and the members of the putative class' request for class certification pursuant to Fed. R. Civ. Proc. 23 be denied;

5. That Plaintiff and the members of the putative class' request for class certification under the FLSA be denied;

6. That Plaintiff and the members of the putative class' request for equitable relief be denied; and

7. For such other relief that the Court deems just and proper.

Dated: September 17, 2020                                 HUTCHINGS LAW GROUP, LLC

By: /s/  Mark H. Hutchings, Esq.
Mark H. Hutchings, Esq.
552 E. Charleston Blvd.
Las Vegas, NV 89104
Telephone: (702) 660-7700
MHutchings@HutchingsLawGroup.com
*Attorney for Music Tribe Commercial NV Inc.*

## COUNTERCLAIM

Defendant and Counterclaimant Music Tribe Commercial NV Inc. ("Counterclaimant") hereby files this Counterclaim in the above-captioned matter against plaintiff and counter-defendant Shane Sipe (Counter-defendant"). Counterclaimant is informed and believes, and based thereon alleges, as follows:

### I. INTRODUCTION

1. Counterclaimant files this action to recover damages and remedies afforded by law and equity pursuant to the common law of the State of Nevada and NRS 42.005 as a result of Counter-defendant's unlawful, inequitable conduct.

## II. PARTIES, JURISDICTION, AND VENUE

2. At all times herein mentioned, Counterclaimant Music Tribe Commercial NV Inc. was and is a corporation organized under the laws of the State of Nevada, and licensed to do business and actually doing business therein, including in the County of Clark.

3. At all times herein mentioned, Counter-defendant Shane Sipe was and is an individual residing in the State of Nevada, County of Clark.

4. Whenever it is alleged in this Complaint that a party did any act or thing, it is meant that such party's officers, agents, employees, or representatives did such act or thing and at the time such act or thing was done, it was done with full authorization or ratification of such party or was done in the normal and routine course and scope of business, or with the actual, apparent and/or implied authority of such party's officers, agents, servants, employees, or representatives. Specifically, parties are liable for the actions of their officers, agents, servants, employees, and representatives.

5. Jurisdiction is proper in the Eighth Judicial District Court of Clark County, Nevada, as this Court has jurisdiction over the subject matter of this litigation pursuant Article 6, Section 6 of the Nevada Constitution, and personal jurisdiction over Counter-defendant pursuant to NRS 14.065.

6. Venue is proper in the Eighth Judicial District Court of Clark County, Nevada, Regional Justice Center pursuant to NRS 13.040, as Counter-defendant resides in Clark County.

## III. FACTUAL ALLEGATIONS

7. On or around January 9, 2012, Counter-defendant was hired by Counterclaimant as a service technician.

8. As part of his employment with Counterclaimant, Counter-defendant signed an employment agreement which stated in part that his job duties were to "diagnose and repair defective professional audio equipment."

9. As part of his employment with Counterclaimant, Counter-defendant received periodic and annual performance reviews, which could result in a pay increase.

10. Counter-defendant was not authorized to do payroll, access employee files, or execute

pay increases for employees.

11. Counter-defendant received increases in pay as an hourly employee in March 2013, August 2013, March 2014, May 2015, and January 2016.

12. For the pay period from September 24, 2018 to October 7, 2018, Counter-defendant's biweekly salary amount jumped to $3,076.92, representing an annual salary of $80,000.00.

13. This pay increase was due to Counter-defendant's promotion to a salaried, supervisory position within Counterclaimant's company.

14. Counter-defendant affirmatively adjusted his payroll and paid himself overtime pay after this date, knowing that he wasn't entitled to it, despite being a salaried employee.

15. Counter-defendant paid himself this overtime pay on the following occasions despite being a salaried employee: November 18, 2018: $501.92; February 24, 2019: $1,067.31; July 14, 2019: $1,211.54.

16. Counter-defendant affirmatively adjusted his payroll and paid himself a $1,500 bonus on his February 10, 2019 paycheck that was not authorized by Counterclaimant.

17. Counter-defendant admitted to his supervisor in a written email on September 18, 2018 that he had doctored his paycheck and "gave myself a raise."

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FRAUDULENT MISREPRESENTATION

18. Counterclaimant re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above as though fully set forth herein.

19. As more fully set forth elsewhere herein, Counter-defendant made numerous false representations to Counterclaimant in the form of fraudulent pay increases.

20. Counter-defendant falsely increased his own pay by submitting a fraudulent bonus of $1,500 which he received on his February 10, 2019 paycheck.

21. This bonus was not authorized by or known to Counterclaimant.

22. Counter-defendant falsely doctored his paychecks to include overtime hours and overtime payments on November 18, 2018, February 24, 2019, and July 14, 2019.

23. Counterclaimant did not authorize Counter-defendant's overtime hours and payments as Counter-defendant was a salaried employee who would not receive overtime pay.

24. At the times Counter-defendant made the false representations of pay complained of herein, Counter-defendant knew such representations to be false.

25. Counter-defendant intended to induce Counterclaimant to act in reliance upon Defendant's false representations, by unknowingly tendering a fraudulent bonus and fraudulent overtime payments to Counter-Defendant.

26. Counterclaimant justifiably relied on Counter-defendant's false representations, including by actually tendering the false amounts to Counter-defendant.

27. As a direct and proximate result of Counter-defendant's knowingly false representations, and Counterclaimant's reasonable reliance thereon, Counterclaimant has suffered substantial economic harm, including excessive amounts paid to Counter-defendant, in an amount the be established according to proof at trial, which Counterclaimant is entitled to recover from Counter-defendant pursuant to the common law of the State of Nevada.

28. Counter-defendant's tortious, fraudulent conduct was intentional, malicious, wanton, and oppressive, with a reckless indifference toward Counterclaimant's rights and with the intent to vex, injure, punish, and annoy Counterclaimant so as to cause Counterclaimant the injuries alleged herein. Counter-defendant's conduct amounts to oppression, fraud, and malice, as defined by NRS 42.001. Counterclaimant is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Counter-defendant pursuant to NRS 42.005.

29. Counterclaimant further seeks an award of pre and post-judgment interest pursuant to NRS 17.130(2) and any other applicable provision of law.

30. As a direct and proximate result of Counter-defendant's tortious, fraudulent conduct, Counterclaimant has been compelled to retain the services of counsel and has and will continue to incur legal fees and costs. Counterclaimant requests an award of such attorneys' fees and costs pursuant to NRS 18.010, NRS 18.020, and any other applicable provision of law.

## SECOND CAUSE OF ACTION

### CONVERSION

31. Counterclaimant re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above as though fully set forth herein.

32. Counterclaimant owned and/or had a right to possess certain monies, which were ultimately used to satisfy certain obligations incurred by Counter-defendant for Counter-defendant's personal benefit, without Counterclaimant's authorization, as more fully set forth elsewhere herein.

33. Counter-defendant substantially interfered with Counterclaimant's ownership and/or possessory interest in Counterclaimant's monies by, *inter alia*, fraudulently and without authorization doctoring his pay to include a $1,500 bonus and payment of overtime.

34. Counterclaimant did not authorize or consent to Counter-defendant's interference with Plaintiff's ownership or possessory interest in Counterclaimant's monies, or such authorization and consent was knowingly obtained by Counter-defendant under false pretenses.

35. As a direct and proximate result of Counter-defendant's interference with Counterclaimant's ownership or possessory interest in Counterclaimant's monies, Counterclaimant has suffered substantial harm, including the loss of use and possession of said monies, and other direct, consequential damages in an amount to be established according to proof at trial, which Counterclaimant is entitled to recover from Counter-defendant pursuant to the common law of the State of Nevada.

36. Counter-defendant's unlawful, tortious interference with Counterclaimant's ownership or possessory interest in Counterclaimant's monies was a substantial factor in causing the harm to Counterclaimant alleged herein.

37. It would be inequitable to permit Counter-defendant to retain title to or possession of Counterclaimant's monies, or the proceeds thereof, as said monies and/or proceeds were obtained under false pretenses and retained without Counterclaimant's authorization or consent.

38. Counterclaimant further seeks an award of pre- and post-judgment interest pursuant to NRS 17.130(2) and any other applicable provision of law.

39. As a direct and proximate result of Counter-defendant's tortious conduct, Counterclaimant has been compelled to retain the services of counsel and has and will continue to incur legal fees and costs. Counterclaimant requests an award of such attorneys' fees and costs pursuant to NRS 18.010, NRS 18.020, and any other applicable provision of law.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT

40. Counterclaimant re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 39 above as though fully set forth herein.

41. Counterclaimant conferred a benefit upon Counter-defendant by employing Counter-defendant, paying a salary, and performing periodic merit increases.

42. Counter-defendant appreciated the benefit conferred upon him by Counterclaimant, including by, without authorization, performing his own salary increase to $80,000 without justification, and collect this increased salary for at least nine months.

43. Permitting Counter-defendant to retain the benefit fraudulently conferred upon him by Counterclaimant, including the benefit of Counter-defendant's unauthorized collection of bonus pay and overtime pay, would constitute a manifest injustice.

44. Counterclaimant is entitled to restitution for the benefit unjustly obtained by Counter-defendant at Counterclaimant's expense, in an amount to be established according to proof at trial.

45. Counterclaimant further seeks an award of pre and post-judgment interest on the amount of any restitution ordered, pursuant to NRS 17.130(2) and any other applicable provision of law.

46. As a direct and proximate result of Counter-defendant's inequitable conduct, Counterclaimant has been compelled to retain the services of counsel and has and will continue to incur legal fees and costs. Counterclaimant requests an award of such attorneys' fees and costs pursuant to NRS 18.010, NRS 18.020, and any other applicable provision of law.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant prays as follows:

1. For an award of actual, consequential, and incidental damages suffered by Counterclaimant as a result of Counter-defendant's unlawful conduct described herein, in an amount to be established according to proof at trial;

2. For an order that Counter-defendant make restitution to Counterclaimant in the amount of Defendant's unjust enrichment at Counterclaimant's expense;

3. For an award of punitive damages against Counter-defendant pursuant to NRS 42.005;

4. For an award of Counterclaimant's attorneys' fees and costs of suit pursuant to NRS 18.010, NRS 18.020, and any other applicable statutory or contractual basis;

5. For an award of pre and post-judgment interest pursuant to NRS 17.130(2) and any other applicable statutory or contractual basis; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 17, 2020      HUTCHINGS LAW GROUP, LLC

By: */s/ Mark H. Hutchings*
Mark H. Hutchings, Esq.
552 E. Charleston Blvd.
Las Vegas, NV 89104
Telephone: (702) 660-7700
*Attorneys for Defendant/Counterclaimant Music Tribe Commercial NV Inc*

# CERTIFICATE OF SERVICE

I am employed in the County of Clark, State of Nevada. I am over the age of 18 and not a party to the within action. My business address is 552 E. Charleston Blvd., Las Vegas, NV 89104.

On the date set forth below, I served the document(s) described as:

1. **MUSIC TRIBE COMMERCIAL NV INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FLSA AND FOR WRONGFUL TERMINATION AND COUNTERCLAIM**

on the person(s) listed below:

**Trevor J. Hatfield, Esq.**
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, NV 89101
*Attorneys for plaintiff/counterdefendant Shane Sipe*

__X__  (BY ELECTRONIC SERVICE) Pursuant to Local Rule IC 4-1 of the United States District Court for the District of Nevada, I caused the document(s) described above to be transmitted electronically to the addressee(s) as set forth above.

__X__  (FEDERAL) I declare that I am employed in the office of an attorney admitted to practice in this Court at whose direction the service was made.

Dated: September 17, 2020

/s/ Helen Buenrostro
An employee of HUTCHINGS LAW GROUP