Mark H Hutchings, Esq.
Nevada Bar No. 12783
**HUTCHINGS LAW GROUP, LLC**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 660-7700
Facsimile: (702) 552-5202
MHutchings@HutchingsLawGroup.com

*Attorneys for Music Tribe Commercial NV Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHANE SIPE, an individual

Plaintiff,

v.

MUSIC TRIBE COMMERCIAL NV INC; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,

Defendants.

Case No. 2:20-cv-00299-JCM-BNW

**DEFENDANT MUSIC TRIBE COMMERCIAL NV INC'S MOTION FOR SUMMARY JUDGMENT**

Defendant Music Tribe Commercial NV, Inc. ("Defendant"), by and through counsel of record, Hutchings Law Group, LLC, hereby submits its Motion for Summary Judgment on Plaintiff's Collective Action and Class Action claims, and on Plaintiff's underlying claims for breach of the FLSA, NRS Chapter 608, and for Wrongful Termination.

Defendant's Motion is made and based on the following Memorandum of Points and Authorities, the exhibits attached hereto, and any oral argument this Court deems appropriate.

Dated: December 17, 2020

HUTCHINGS LAW GROUP, LLC

By: ***/s/ Mark H. Hutchings***
Mark H. Hutchings, Esq.
552 E. Charleston Blvd.
Las Vegas, NV 89104
*Attorneys for Music Tribe Commercial NV Inc*

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

At all relevant times, Plaintiff, Shane Sipe, was a salaried, managerial employee of Defendant, Music Tribe. As manager, Plaintiff was responsible for his department, had authority to give input on the hiring or firing of employees, reported discrepancies in employee timekeeping, and supervised a team of employees. Beginning in 2018, Plaintiff engaged in hostile, unprofessional, and demeaning behavior toward the Human Resources Manager and fellow employees, as documented in Plaintiff's emails and Microsoft Teams chats throughout his tenure. After patiently enduring Plaintiff's misconduct, he was ultimately terminated from his position at Music Tribe in July of 2019.

This action arises from the termination of Plaintiff Shane Sipe's position. Plaintiff filed his Complaint on February 12, 2020, and filed his First Amended Complaint on April 14, 2020, which alleged claims on behalf of a collective class and contained four causes of action: Violation of the Fair Labor Standards Act; Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140, 608.016; Failure to Timely Pay All Wages Due and Owing Upon Termination, and Wrongful Termination in Violation of Public Policy.

Summary judgment should be entered on the collective and class action claims because Plaintiff has failed to move for FLSA preliminary certification, or class certification, has failed to use the discovery period to ascertain even one other existing member of his collective or class action, and has failed to allege that his individual claims are representative of potential claims of other employees, present or future, as required by the FLSA and FRCP 23. The discovery period has ended, and Plaintiff has no evidence to support an FLSA collective action or a Rule 23 Class Action. Plaintiff's allegations of Music Tribe's policy or procedure to fail to pay overtime within the pleadings was directly refuted by Plaintiff in his deposition, when he disclaimed any knowledge of such a policy. Further, Plaintiff has failed to produce any evidence that Defendant had a policy of not paying overtime to employees entitled to receive it.

Summary Judgment should be entered on the alleged violation of the Fair Labor Standards Act and NRS 608.140 and 608.016 because Plaintiff was properly classified as a salaried exempt

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

employee and was not entitled to receive overtime pay, and because Plaintiff was paid over minimum wage, or $8.00 an hour, at all points throughout his employment. There is no genuine issue of fact that Plaintiff received his final paycheck in a timely fashion and was paid all wages due and owing at the time they became due.

Summary Judgment should be entered on Plaintiff's claim for wrongful termination for violation of public policy. Plaintiff's claim under this theory rests on the proposition that Defendant terminated Plaintiff's employment because he asked for overtime pay due to him. Yet, Plaintiff admits he does not know why he was terminated, and requesting overtime pay from an HR manager when you are not entitled to it is not a matter of public concern or a protected activity.

There are no remaining issues of material fact in this matter, there are no questions of fact remaining for trial, and for these reasons Defendant's Motion for Summary Judgment as to all claims should be granted.

## II. FACTUAL BACKGROUND

Plaintiff Shane Sipe was hired by Defendant Music Tribe in January 2012. From 2012 to 2018, Plaintiff received annual review and merit-based salary increases throughout his employment. Plaintiff received fully paid health insurance through his employment and received employer contribution to his 401(k). Plaintiff was the supervisor of the Repair Center at the Music Tribe facility in Las Vegas and at all relevant times was an exempt, salaried employee. Plaintiff was promoted or given raises multiple times between January of 2012 and October of 2018. In October 2018, Plaintiff was promoted to the position, "Senior Root Cause Analyst" with a salary raise from $46,470 annually to $80,000 annually. Even though he was a salaried employee, Plaintiff occasionally received special dispensation additional payments for special services rendered to the company, such as for leading his team over a weekend to complete significant time-sensitive projects, or for assisting with the move of the entire Music Tribe facility from one location to another in December of 2018.

From early 2018 through July 2019, Plaintiff engaged in serious insubordination and unprofessional conduct toward his superiors. He sent rude and unprofessional emails, he was sarcastic and demeaning toward his superiors, he demanded payment he was not entitled to, he failed

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

to perform the duties he was responsible for, he fixated on making demands from other managers within the company that were outside the scope of his job duties, and he otherwise caused confusion, dissention, and low morale within the company. Plaintiff was terminated for his gross misconduct in July of 2019.

## III. STATEMENT OF UNDISPUTED FACTS

Defendant makes the following statement of undisputed facts:

| Undisputed Fact | Source |
|---|---|
| Shane Sipe was an employee of Defendant Music Tribe Commercial NV, Inc.[1] from January 2012 until July 2019. | Plaintiff's Answers to Defendant's First Set of Interrogatories, page 4 (Oct. 20, 2020), attached hereto as Exhibit A. |
| Shane Sipe was hired on January 3, 2012, as a Service Technician, at an hourly rate of $16.83 per hour. | Music Group, Employment Agreement, MUSICTRIBE000008-000017, attached hereto as Exhibit B; Deposition of Shane Sipe, 14:11-13, attached hereto as Exhibit C1. |
| Plaintiff received health insurance through his employment at Music Tribe, paid for by Music Tribe. | Deposition of Shane Sipe, 36:2-20, attached hereto as Exhibit C1. |
| Plaintiff had a 401(k) through Music Tribe. | Exhibit C1, Deposition of Shane Sipe, 36:21-25. |
| From 2012 to 2018, Plaintiff received raises on an annual basis. | Exhibit C1, Deposition of Shane Sipe, 14:14-16; 15:20-25, 16:1-7. |
| On August 16, 2013, Plaintiff was promoted to CARE Quality Analyst, and received a 15% raise to a base salary of $41,464.00. | Promotion Letter (Aug. 16, 2013), MUSICTRIBE00073, attached hereto as Exhibit D. |
| On March 20, 2014, Plaintiff received an annual salary increase, increasing his salary to $42,501.42. | Promotion Letter (Mar. 20, 2014), MUSICTRIBE00076, attached hereto as Exhibit E. |
| On May 21, 2015, Plaintiff received an annual salary increase, increasing his salary to $45,901.08. | Promotion Letter (May 21, 2015), MUSICTRIBE000111, attached hereto as Exhibit F. |
| On January 8, 2016, Plaintiff received a merit increase, increasing his salary to $46,470.00. | Promotion Letter (Jan. 8, 2016), MUSICTRIBE000114, attached hereto as Exhibit G. |
| On December 13, 2017, Plaintiff submitted paperwork to change his address with his health care provider. | Anthem BlueCross BlueShield, Employee Change Form, MUSICTRIBE000116-000120, attached hereto as Exhibit H. |
| On August 30, 2018, Plaintiff received a promotion to Sr. Root Cause Analysis Technician, which came with an annual salary. | Music Tribe, Offer Letter to Shane Sipe, SS00010 (Aug. 30, 2018), attached hereto as Exhibit I. |

[1] Defendant Music Group Services NV Inc. changed its name with the Nevada Secretary of State to Music Tribe Commercial NV Inc. on or about August 29, 2017, as is reflected by a business filings search in SilverFlume, Nevada's Business Portal.

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

| | |
|---|---|
| The job duties required of a Sr. Root Cause Analysis Technician position included suggesting, supporting, and implementing change policies to elevate "your team and department," "[developing and supporting] the hiring initiatives and process flow of interviews," "[promising] to support and coach your team in line with requirements and expectations set by Transformation Leaders," and required "[s]trong leadership skills." | Job Description, Sr. Root Cause Analysis Technician, SS00011, attached hereto as Exhibit J. |
| This was a salaried position. | Exhibit I. |
| Plaintiff was categorized as an exempt employee and paid the salary of $80,000 per year, or $3,076.92 biweekly at the time of his pay raise in October of 2018. | Pay Statement, Shane Sipe, MUSICTRIBE000198-199 (Check Date Oct.12, 2018), attached hereto as Exhibit K; Pay Statement, Shane Sipe, MUSICTRIBE000204-205 (Check date Oct. 26, 2018), attached hereto as Exhibit L. |
| At the time of his promotion to Supervisor, Shane Sipe reported directly to the CEO of Music Tribe Commercial NV, Inc., Uli Behringer. | Email from Shane Sipe to Kelly Peck, "employee information needs updating please", MUSICTRIBE000346-347 (Dec. 13, 2018), attached hereto as Exhibit M. |
| Plaintiff revised his email signature to show his position as the supervisor of five employees. | Email from Shane Sipe to Kelly Peck, "employee information needs updating please", MUSICTRIBE000346-347 (Dec. 13, 2018), attached hereto as Exhibit M. |
| The job description of the Sr. Root Cause Analysis Technician involved management, support, and coaching of the Care department | Job Description, Sr. Root Cause Analysis Technician, SS00011, attached hereto as Exhibit J. |
| Plaintiff compiled and reported the hours and overtime for his team members. | Email from Shane Sipe to Robert Pesti and Kelly Peck, SS00038-39 (Feb. 25, 2019), attached hereto as Exhibit N. |
| Plaintiff was responsible for the supervision of two or more employees. | Email from Shane Sipe to Kelly Peck, employee information needs updating please, MUSICTRIBE000346-347 (Dec. 13, 2018), attached hereto as Exhibit M; Job Description, Sr. Root Cause Analysis Technician (MUSICTRIBE000121), attached hereto as Exhibit J; Deposition of Shane Sipe, 71:11-24, attached hereto as Exhibit C2. |
| Plaintiff reported the vacation time, absences, and payroll variations for his team members. | Microsoft Teams Conversation Between Shane Sipe and Kelly Peck from April 19, 2019 to May 6, 2019, MUSICTRIBE000135-136 (July 9, 2019), attached hereto as Exhibit P. |
| Plaintiff was invited to and regularly attended the "Las Vegas Leaders Meeting" with other Music Tribe management at the Las Vegas facility. | Deposition of Shane Sipe, 152:12-25, 154:1-14, attached hereto as Exhibit C2; Email from Shane Sipe to Kelly Peck, MUSICTRIBE000134 (July 5, 2019), attached hereto as Exhibit Q. |

| | |
|---|---|
| Plaintiff ran the day-to-day operations in his shop, stating that he did "Whatever came up" to support his shop. | Deposition of Shane Sipe, 173:18-25, attached hereto as Exhibit C2. |
| Plaintiff recommended that employees be fired. | Deposition of Shane Sipe, 104:5-15; 105:2-9, attached hereto as Exhibit C2. |
| Plaintiff recommended employees be hired or rehired. | Deposition of Shane Sipe, 104:20-25, 105:1, 105:10-12, attached hereto as Exhibit C2. |
| In or around September 2018, Plaintiff submitted doctored copies of his paystubs when he submitted an application to move to another apartment. | Deposition of Shane Sipe, 183:19-25, 184:1-15, attached hereto as Exhibit C2; Email from Shane Sipe to Kelly Peck (Sept. 18, 2018), MUSICTRIBE000245, attached hereto as Exhibit R. |
| Mr. Sipe did not engage in any uncompensated activity during the two years prior to his termination, as he was a salaried employee, and paid a salary for the work that he performed | Deposition of Shane Sipe, 135:1-25, 136:1-6 (Nov. 5, 2020), attached hereto as Exhibit C2; Music Tribe, Offer Letter to Shane Sipe, SS00010 (Aug. 30, 2018), attached hereto as Exhibit I; Job Description, Sr. Root Cause Analysis Technician (MUSICTRIBE000121), attached hereto as Exhibit J. |
| Plaintiff's timecards demonstrate that he was classified as a salaried employee and earned $1,823.00 biweekly. | Ceridian HR/Payroll, Pay Statement (Check Date Feb. 16, 2018), MUSICTRIBE000162, attached hereto as Exhibit S; Ceridian HR/Payroll, Pay Statement (Check Date May 11, 2018), MUSICTRIBE000174, attached hereto as Exhibit T; Ceridian HR/Payroll, Pay Statement (Check Date May 23, 2018), MUSICTRIBE000176, attached hereto as Exhibit U. |
| There was no policy or practice at Music Tribe to refuse to pay overtime to employees. | Deposition of Shane Sipe, 194:13-20 (Nov. 5, 2020). attached hereto as Exhibit C2. |
| Employees were required to enter their hours in the company program, NovaTime, which tracked their overtime. | Email from Shane Sipe to Kelly Peck, MUSICTRIBE000348 (Apr. 22, 2019), attached hereto as Exhibit V. |
| Despite this policy, Plaintiff would compile his hours and his team's hours on scrap paper, fail to enter the numbers into the company system, and provide vague, unclear, and potentially incorrect hours. | Email from Shane Sipe to Robert Pesti and Kelly Peck, SS00038-39 (Feb. 25, 2019), attached hereto as Exhibit N. "Weekend hours are a mix of texts, emails, two post-it notes, and something scribbled on the back of my hand. Can you get the guys to fill this in please? They're animals I tell you, ANIMALS. but you already know this." |
| On February 20, 2019, Plaintiff sent an email to his supervisor, Kelly Peck, regarding his mortgage paperwork requirement, stating "Focus Kelly. Do you feel anything, smell anything? Whatever makes everything go wrong is on you right now, can you tell me anything about it?" | Email from Shane Sipe to Kelly Peck (Feb. 20, 2019), MUSICTRIBE000128, attached hereto as Exhibit W; Deposition of Shane Sipe, 149:23-25, 150:1-25, 151:1, attached hereto as Exhibit C2. |

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

| | |
|---|---|
| Plaintiff was insubordinate to his supervisors, and sent emails which were unprofessional, crude, and demeaning. | Deposition of Shane Sipe, 149:20-25, 150:1-22 (Q. All right. Can you explain, I mean it says, "Focus, Kelly. Do you feel anything smelling? Whatever makes everything go wrong is on you right now. Can you tell me anything about it?"…"Do you see this as being unprofessional at all?" "A. Absolutely. But, but at this point in time, that's the relationship that Kelly and I had…It was, it is not professional, but it was normal with her."), attached hereto as Exhibit C2; Deposition of Shane Sipe, 155:2-25, 156:1-13 ("Q. All right. And your subject line was Clear as Mud; is that right? A. Yes. Q. Why did you write that subject line, Clear as Mud? A. Mostly for lack of a proper title. It's nonsensical. Q. What's nonsensical? A. The subject. It's like a motorcycle door or ice cream bone. You got to put something in it. And I'm not going to spend 20 minutes trying to figure out what it should be. I'm just going to put something retarded."), attached hereto as Exhibit C2. |
| Plaintiff told the Human Resources Manager to "please get an assistant Kelly. There's too much to do." | Microsoft Teams Chat Between Shane Sipe and Kelly Peck, June 11, 2019, MUSICTRIBE000136 (June 2019), attached hereto as Exhibit X. |
| Plaintiff was terminated from his position in July 2019. | Deposition of Shane Sipe 16:8-10 (Nov. 5, 2020), attached hereto as Exhibit C1. |
| Defendant sent a letter to Plaintiff detailing the decision to terminate his position as "the best decision for the company." | Music Tribe, Termination Letter to Shane Sipe, SS00012 (July 10, 2019), attached hereto as Exhibit Y. |
| Music Tribe sent Plaintiff the required COBRA notice on July 19, 2019, four days after Plaintiff's termination. | Letter from Music Tribe to Shane Sipe, COBRA Rights Notification, MUSICTRIBE000277-000286 (July 19, 2019), attached hereto as Exhibit Z. |
| This document was sent to Plaintiff's most recent address on file with the Music Tribe and the health insurance administrator, on S. Decatur Blvd, which Plaintiff failed to update after he moved in March 2019. | Depo. of Sipe, 60:14-25, 61:1-24; Depo. of Sipe, 60:23-25, 61:1-8 (Plaintiff has no independent recollection of updating his address with his health insurance plan administrator, and "believed" he updated his address with Music Tribe when he moved in March 2019), attached hereto as Exhibit C1. |
| Music Tribe sent Plaintiff his 2019 W-2 to his most recent address on file, on S. Decatur Blvd, which Plaintiff had failed to update. | 2019 W-2 Wage and Tax Statement for Shane Sipe, MUSICTRIBE000344, attached hereto as Exhibit AA. |
| Plaintiff was fully compensated for all hours worked and received a final paycheck. | Shane Sipe, Pay Statement – July 15, 2019, MUSICTRIBE000242, attached hereto as Exhibit AB. |
| Plaintiff has stated he has no idea why his employment | Deposition of Shane Sipe, 92:1-23; |

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

| | |
|---|---|
| was terminated, despite his insubordination and unprofessionalism toward his superiors. | Deposition of Shane Sipe, 169:6-23, attached hereto as Exhibit C2. |
| In an email to Music Tribe CEO Uli Behringer, Plaintiff stated that Kelly Peck "tricked me into getting myself fired." | Email from Shane Sipe to Uli Behringer, "What's the difference between a dead snake, and a dead attorney in the road?", MUSICTRIBE000151-153 (Oct. 13, 2019), attached hereto as Exhibit AC. |

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

## IV. STANDARD OF REVIEW

Fed. R. of Civ. Proc. 56 gives this Court discretion to grant summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[2] The moving party may show there is no genuine issue of material fact by referring to pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to show there is no dispute between the parties on facts central to the disposition of liability.[3] Material facts are those which may affect the outcome of the case.[4] A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims" and defenses.[5] When considering whether to grant summary judgment, the Court must view the evidence presented in the light most favorable to the non-moving party.[6]

In determining summary judgment, a court uses a burden-shifting scheme.[7] The moving party must first come forward with sufficient evidence to show it would be entitled to a directed verdict if the evidence went uncontroverted at trial.[8] If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact for trial.[9] The non-moving party must then present significant probative evidence that supports its claim or defense.[10] Alternatively, the non-moving party must show that the claimed factual dispute requires a jury to resolve the dispute.[11] The non-moving party must go beyond the assertions and allegations in the pleadings by producing competent evidence that shows a genuine issue for trial.[12]

---

[2] *See*, Fed. R. Civ. P. 56(a).
[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986).
[4] *See*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[5] *Celotex*, 477 U.S. at 323-24.
[6] *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014).
[7] *C.A.R. Transp. Brokerage Co. v. Darden Rests, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).
[8] *Id.*
[9] *See*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).
[10] *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).
[11] *See*, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).
[12] See Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

## IV. LAW AND ARGUMENT

### A. Summary Judgment is Appropriate on the FLSA Collective Action Because Plaintiff Failed to Demonstrate He is Similarly Situated to Potential Class Members

Under the FLSA, "workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are "similarly situated," and (3) affirmatively opt in to the joint litigation in writing."[13] The definition of "similarly situated" is a court- and fact-specific inquiry.[14] The Ninth Circuit has determined that showing a "similar issue of law or fact material to the disposition of their FLSA claims" is a sufficient demonstration of 'similarly situated.'[15] There is a two-step process to establishing a collective action under the FLSA.[16] First, the plaintiff "will, at some point around the pleading stage, move for 'preliminary certification' of the collective action, contending that they have at least facially satisfied the 'similarly situated' requirement."[17] Second, "after the necessary discover is complete, defendants will move for 'decertification' of the collective action on the theory that the plaintiffs' status as 'similarly situated' was not borne out by the fully developed record."[18]

Plaintiff's First Amended Complaint alleging his FLSA collective action was filed in April 2020. At no time during the pleading stage, or the subsequent 180-day discovery period, has Plaintiff moved for preliminary certification of his collective action. The First Amended Complaint contains broad allegations that there could be other employees – present, past, or future – who were classified non-exempt and did not receive accurate overtime.[19] Plaintiff, however, is not similarly situated to his alleged potential class members. Plaintiff acknowledges that there was a timekeeping system at Music Tribe to enter hours worked and overtime, and that this did not work for him so he did not use it.[20] Plaintiff stated in his deposition that he would "have a tendency to forget to log in" on the company software, stating "You come back from lunch, you hit the bench and start working and realize I forgot the log in so certainly it's never going to be over but probably be an hour or two

---

[13] *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir., 2018).
[14] *Id.*
[15] *Talavera v. Sun-Maid Growers of Cal*, No. 1:15-cv-00842-DAD-SAB, 2020 U.S.Dist.LEXIS 80040 at *7 (E.D.Cal., May 6, 2020), citing *Campbell*, 903 F.3d at 1117.
[16] *Campbell*, 903 F.3d at 1100.
[17] *Id.*
[18] *Id.*
[19] First Amended Complaint, Doc. 5, p. 5-6.
[20] Deposition of Shane Sipe, 49:21-25, 50:1-25; 51:1-18, attached hereto as Exhibit C1.

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

short."[21] Plaintiff stated that he did not ever log his hours in NovaTime in 2019.[22] Plaintiff failed to accurately report his time, and is not similarly situated to employees who accurately reported their time. Further, Plaintiff was categorized as an exempt, salaried employee and received a flat salary amount.[23] Plaintiff further admits that he was a manager of his department[24] and is therefore not similarly situated as the employees he managed. As Plaintiff received salary every pay period[25], admits to not recording his time in the company time-keeping system[26], and was a managerial employee for Music Tribe, Plaintiff lacks any basis for alleging he was due overtime because he was properly classified as exempt. Therefore, he is not similarly situated with any non-managerial, non-salaried employee at Music Tribe.

Plaintiff's Complaint alleges that he is 'similarly situated' with hourly, non-exempt employees who did not receive accurate overtime, but fails to follow through with identifying any employees – past, current, or future – who meet this criterion. As there was no preliminary certification of a class for this collective action, there is no need for Defendant to move to decertify a class. Summary Judgment is appropriate to remove the class action allegations under the FLSA, as discovery is closed and there are no identified 'similarly situated' employees for this matter to proceed as a FLSA collective action.

**B. Plaintiff Lacks Standing to Bring this Action Under the FLSA Because He is an Exempt Employee**

29 U.S.C. §213 provides for exemptions to the provisions of the FLSA, §201 *et seq*. This section states that an exemption from the overtime provisions of the FLSA includes "any employee employed in a bona fide executive, administrative, or professional capacity "[27] Managerial or

[21] Deposition of Shane Sipe, 50:3-7, attached hereto as Exhibit C1.
[22] Deposition of Shane Sipe, 49:21-24, attached hereto as Exhibit C1.
[23] Music Tribe, Offer Letter to Shane Sipe, SS00010 (Aug. 30, 2018), attached hereto as Exhibit I.
[24] Email from Shane Sipe to Uli Behringer, "What's the difference between a dead snake, and a dead attorney in the road?", MUSICTRIBE000151-152 (Oct. 13, 2019), attached hereto as Exhibit AC; Email from Shane Sipe to Kelly Peck, employee information needs updating please, MUSICTRIBE000346-347 (Dec. 13, 2018), attached hereto as Exhibit M; Job Description, Sr. Root Cause Analysis Technician (MUSICTRIBE000121), attached hereto as Exhibit J; Deposition of Shane Sipe, 71:11-24, attached hereto as Exhibit C2.
[25] Ceridian HR/Payroll, Pay Statement (Check Date Oct. 12, 2018), MUSICTRIBE000196, attached hereto as Exhibit K.; Ceridian HR/Payroll, Pay Statement (Check Date July 15, 2019), MUSICTRIBE000242, attached hereto as Exhibit AB.
[26] *Supra* fn. 22.
[27] 29 U.S.C. §213(a)(1).

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

executive employees, paid on a salary basis, are exempt from overtime if they meet certain criteria. The job duties required for a manager or executive include 1) supervision of two or more employees, 2) management as the primary duty of the position, and 3) genuine input into the job status of other employees.[28] "'Management' includes, but is not limited to, activities such as interviewing, selecting, and training of employees" and "directing the work of employees…"[29]

Here, Plaintiff did not engage in any uncompensated activity, as he was a salaried employee, and paid a salary for the work that he performed.[30] Under the four-part test for FLSA claims, Plaintiff is unable to meet the third criteria, as Music Tribe did not have actual or constructive knowledge of Plaintiff's "overtime work."

Plaintiff meets all three criteria for the managerial exception. First, Plaintiff was responsible for the supervision of two or more employees, as the job description for Plaintiff's salaried position of Sr. Root Cause Analysis Champion describes job duties including to "develop and support the hiring initiatives and process flow of interviews," and "support and coach your team in line with requirements and expectations set by Transformation Leaders."[31] Plaintiff requested in December 2018 that his email signature "properly reflect the current arrangement, Care Transformation Leader," as his "duties require me to request specific information from other employees.[32] This email signature has a chart which demonstrates his position over five (5) employees.[33]

Second, the job description of the Sr. Root Cause Analysis Technician involved management, support, and coaching of the Care department.[34] Plaintiff compiled and reported the hours and overtime for his team members.[35] Plaintiff reported the vacation time, absences, and payroll

---

[28] U.S. Department of Labor, Wage and Hour Division, Fact Sheet #17B: Exemption for Executive Employees Under the Fair Labor Standards Act (FLSA) (rev. Sept. 2019), https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/fs17b_executive.pdf.

[29] Id.

[30] Deposition of Shane Sipe, 135:1-25, 136:1-6 (Nov. 5, 2020), attached hereto as Exhibit C2; Music Tribe, Offer Letter to Shane Sipe, SS00010 (Aug. 30, 2018), attached hereto as Exhibit I; Job Description, Sr. Root Cause Analysis Technician (MUSICTRIBE000121), attached hereto as Exhibit J.

[31] Exhibit J.

[32] Email from Shane Sipe to Kelly Peck, employee information needs updating please, MUSICTRIBE000346-347 (Dec. 13, 2018), attached hereto as Exhibit M.

[33] Id.

[34] Exhibit J.

[35] Email from Shane Sipe to Robert Pesti and Kelly Peck, SS00038-39 (Feb. 25, 2019), attached hereto as Exhibit N.

variations for his team members.[36] Plaintiff revised his email signature to show his position as the supervisor of five employees.[37] Plaintiff was invited to and attended the "Las Vegas Leaders Meetings"[38], which were the management meetings for the Music Tribe facility in Las Vegas. And Plaintiff ran the day-to-day operations in his shop, stating that he did "Whatever came up" to support his shop.[39]

Finally, Plaintiff had genuine input into the job status of other employees. This criterion does not require an employee's actual ability to hire or fire, and considered merely whether the employee's recommendation on the job status of other employees is given 'particular weight.'[40] Here, there is no genuine issue of fact that Plaintiff recommended that employees be fired.[41] Additionally, Plaintiff recommended employees be hired or rehired.[42] There is no question that Plaintiff had input on the hiring and firing of employees.

Plaintiff was an exempt employee under the FLSA, and therefore lacks standing to bring this action on behalf of hourly, non-exempt employees. Therefore, summary judgment is appropriate.

**C. Summary Judgment is Appropriate Because Plaintiff Failed to Move for Preliminary Certification of the Collective Action Pursuant to the FLSA**

The FLSA, while a more lenient requirement than FRCP 23(b) in terms of a class definition, requires that plaintiff, "at some point around the pleading stage, move for 'preliminary certification' of the collective action, contending that they have at least facially satisfied the 'similarly situated' requirement."[43] This preliminary certification is required to allow the FLSA collective action to move forward, and is the catalyst for sending written notice to workers who may be interested in

---

[36] Microsoft Teams Conversation Between Shane Sipe and Kelly Peck from April 19, 2019 to May 6, 2019, MUSICTRIBE000135-136 (July 9, 2019), attached hereto as Exhibit P.
[37] Email from Shane Sipe to Kelly Peck, "employee information needs updating please", MUSICTRIBE000346-347 (Dec. 13, 2018), attached hereto as Exhibit M.
[38] Deposition of Shane Sipe, 152:12-25, 154:1-14, attached hereto as Exhibit C2; Email from Shane Sipe to Kelly Peck, MUSICTRIBE000134 (July 5, 2019), attached hereto as Exhibit Q.
[39] Deposition of Shane Sipe, 173:18-25, attached hereto as Exhibit C2.
[40] U.S. Department of Labor, Wage and Hour Division, Fact Sheet #17B: Exemption for Executive Employees Under the Fair Labor Standards Act (FLSA) (rev. Sept. 2019), https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/fs17b_executive.pdf.
[41] Deposition of Shane Sipe, 104:5-15; 105:2-9, attached hereto as Exhibit C2.
[42] Deposition of Shane Sipe, 104:20-25, 105:1, 105:10-12, attached hereto as Exhibit C2.
[43] *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir., 2018).

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

joining the collective action.[44] This is not a gatekeeping process by the court, who has no say in approving or rejecting the preliminary certification, but it provides for the identification of 'similarly situated' employees and enables the "sending of court-approved written notice" to those individuals.[45] The collective action does not begin until workers send in their "opt-in" forms to join plaintiff in his suit.[46]

Here, Plaintiff's First Amended Complaint containing his allegations of a FLSA collective action was filed on April 14, 2020. To date, eight (8) months later, Plaintiff has not moved for preliminary certification of his collective action, has not sent written notice and opt-in forms to potential members of the collective action, and has not received any opt-in forms from other employees. Further, discovery is closed in this case and no collective action discovery has been done, so there is no basis for any future motion for preliminary certification.

**D. Summary Judgment is Appropriate on the Class Action Because Plaintiff's State Law Claims Do Not Meet the FRCP 23(a) Prerequisites for a Class Action**

Out of an abundance of caution due to Plaintiff's second and third causes of action being a class action on state law claims, Defendant additionally moves this Court for Summary Judgment based on Plaintiff's failure to meet the FRCP 23(a) standard for a class action. Pursuant to FRCP 23(a), a plaintiff is required to demonstrate to the Court four prerequisites, and the burden is on the plaintiff to prove these requirements.[47] These prerequisites are "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; **and** (4) the representative parties will fairly and adequately protect the interests of the class."[48] The burden is on the plaintiff to "provide 'enough evidence, by affidavits, documents, or testimony,' to enable the court to determine that certification is appropriate."[49] Plaintiff is unable to meet this

---

[44] *Campbell,* 903 F.3d at 1101.
[45] *Id.*
[46] *Id.*
[47] *Gen Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982); *McCurley v. Royal Seas Cruises, Inc*., 331 F.R.D. 142, 153 (S.D.Cal. Mar. 27, 2019); Maddock *v. KB Homes, Inc.*, 248 F.R.D. 229, 236 (C.D.Cal. Jul. 9, 2007).
[48] Fed.R.Civ.P. 23(a) (emphasis added).
[49] *Allbaugh v. Cal. Field Ironworkers Pension Trust,* No. 2:12-cv-00561-JAD-GWF, 2014 U.S.Dist.LEXIS 106531 at *7 (D.Nev., Aug. 4, 2014).

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

four-part test, and therefore, even if he did move for class certification, class action is not appropriate in this matter and summary judgment is appropriate.

**i. The Class is Not so Numerous That Joinder of all Members is Impracticable**

The first requirement of a class action under FRCP 23(a) is to show that joinder is impracticable due to the number of potential class members, as individual lawsuits would burden the court and create repetitive litigation.[50] There is no requirement as to the number of class members that would satisfy this rule, as it is a case specific inquiry, however Nevada and Ninth Circuit courts have determined that a class of "forty or more generally will be found 'numerous,'"[51] while the general rule appears to be that class actions "in excess of 100" are sufficient to meet this requirement.[52]

Here, Plaintiff has failed to identify even <u>one</u> other potential member of his class action, and without any other class members this matter fails to meet the first criteria under FRCP 23(a). Plaintiff defines his potential class in his First Amended Complaint as "all non-exempt employees subject to Defendant's time-and-attendance practices," "current or former non-exempt employees," "all persons who were, are or will be employed by Defendant as non-exempt employees subject to Defendant's wage-and-hour practices because they were both non-exempt employees, subject to Defendant's general time-and-attendance policies," and who "have substantially similar job requirements, and pay provisions…"[53]

As there is only one identified person who meets the criteria for a member of the class, and that is Plaintiff himself, Plaintiff has failed to meet the numerosity requirement of FRCP 23(a) and therefore summary judgment for Defendant is appropriate.

**ii. There are No Questions of Law or Fact Common to the Class**

The second requirement for a class action under FRCP 23 requires "questions of law or fact common to the class." Courts have established that "[t]he common contention must be of such a

---

[50] Fed.R.Civ.P. 23(a)(1).
[51] *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 847 (2005); *Purdy v. Richland Holdings*, 2016 U.S.Dist.LEXIS 32434 at *3 (D. Nev., Mar. 14, 2016);
[52] *Purdy*, 2016 U.S.Dist.LEXIS at *3.
[53] First Amended Complaint, Doc. 5, at p. 5- 6.

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

nature that it is capable of classwide resolution," and that "the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."[54] This prong, *commonality*, "exists where class members' situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief."[55] "The Ninth Circuit construes the commonality requirement 'permissively,' and has previously noted that the requirement under Rule 23(a)(2) is less rigorous than under Rule 23(b)(3)."[56] The bare minimum assertion is that common issues of law and fact exist among proposed class members, with an identified "common core of facts and common questions."[57]

Here, Plaintiff has failed to identify any other member of the class, and as such it is impossible to determine whether potential class members share a common question of law or fact in this matter. It is possible that all potential class members could share a common question of law or fact to satisfy this requirement. However, since there are no potential, alleged, or proposed class members at this time, this prong fails, and summary judgment for Defendant is appropriate.

**iii. The Claims or Defenses of Shane Sipe are Not Typical to the Potential Claims of the Class**

The fourth prerequisite, *typicality*, closely mirrors the commonality requirement of FRCP 23(a), and asks if the class representative's claims "are reasonably co-extensive with those of absent class members; they need not be substantially identical."[58] In this prong, a plaintiff is required to demonstrate that "'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'"[59]

Here, Plaintiff has alleged that there exist other former, current, or future employees of Defendant who share the same or similar claims under NRS 608.140, NRS 608.016, and NRS 608.020-608.050. Plaintiff's disclosures, the evidence provided to date, and Plaintiff's deposition tell a different story, as Plaintiff's position within Defendant's company and the circumstances of his role

---

[54] *Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.2d 1036, 1041-1042 (9th Cir., 2012).
[55] *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir., 2010).
[56] *Andreas v. Lowe's Hiw,* 2008 U.S.Dist. LEXIS 142490 *14-15 (D.Nev. Nov. 13, 2008).
[57] Id. at *14.
[58] *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir., 1998).
[59] *Shuette*, 121 Nev. at 848-849, citing *Robidoux v. Celani*, 987 F.2d 931, 936 (2nd Cir., Mar. 10, 1993).

were far from typical. Plaintiff received a promotion to be a supervisor of his department on August 30, 2018[60], and a subsequent revision to his email signature positions Plaintiff directly underneath Uli Behringer, the owner and CEO of Music Tribe Commercial NV, Inc.[61]

As stated above, discovery has closed and Plaintiff has failed to identify any other class members or provide evidence of any other employees who experienced similar non-payment of overtime, non-payment of overtime after termination, or alleged termination after requesting overtime payment. As of the close of discovery, Plaintiff has not identified any other former, current, or future employee of Music Tribe whose factual scenario is common to Plaintiff's claims. Therefore, summary judgment for Defendant is appropriate.

**iv. The Representative Party, Shane Sipe, Will Not Fairly and Adequately Protect the Interests of the Class**

NRCP 23(a)(4) requires that the representative party must be able to "fairly and adequately protect the interests of all class members." Adequacy is demonstrated by a class representative's showing that they "possess the same interest and suffer the same injury as the class members."[62] Nevada courts have determined that there are two questions to ask regarding the representative party: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"[63] The second question, regarding the diligence of the representative party, asks whether the plaintiff has engaged in due diligence, and whether they will fairly and adequately protect the interests of the class as a whole.[64]

Here, Plaintiff has not made any effort to pursue this action vigorously on behalf of the class. Plaintiff has neither identified even one other potential class member nor moved for class certification. Failing to move for class certification in a timely manner prior to trial is an indication that the class representative does not protect the interests of the class.[65] Here, as discussed further

[60] Exhibit I.
[61] Email between Shane Sipe and Kelly Peck, MUSICTRIBE000346-347 (Dec. 13, 2018), attached hereto as Exhibit M.
[62] *Davis v. Lenox Hill Hosp.,* 2004 U.S.Dist.LEXIS 17283 at *20 (S.D.N.Y., Aug. 31, 2004), citing *Amchem Prods v. Windsor*, 521 U.S. 591 at 625-26 (1997).
[63] *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir., 1998).
[64] *Robertson v. Fedex Nat'l LTL, Inc.,* CV 90-5016 DSF, 2010 U.S. Dist. LEXIS 145959 at *19-20 (C.D.Cal, Jan. 5, 2010).
[65] *East Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 405 (1977).

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

below, discovery has closed, and without an otherwise specified deadline for class certification, the close of discovery has been found to be the outside end of the "early practicable" time to move for class certification pursuant to FRCP 23(c).[66]

**E. Summary Judgment is Appropriate on Plaintiff's Individual Claims as There are No Genuine Issues of Material Fact**

**a. There is No Genuine Issue of Material Fact on Plaintiff's Claim for Unpaid Overtime Because Plaintiff was an Exempt Employee**

Plaintiff's first cause of action alleges that he was not paid overtime for hours worked pursuant to the FLSA. This claim fails as a matter of law because Plaintiff was properly classified as an exempt, salaried employee, and was not an hourly employee. A plaintiff must prove four elements for an FLSA claim regarding unpaid overtime: "(1) the uncompensated activity constitutes 'work,' (2) the time worked is not *de minimis* and is reasonable in relation to the principal activity, (3) the employer had actual or constructive knowledge of the plaintiff's overtime work, and (4) the amount of time worked."[67] A violation of the FLSA is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA."[68] To prevail, a plaintiff must demonstrate that his employer "had actual or constructive knowledge of his alleged off-the-clock work."[69] A proper claim under the FLSA requires sufficient facts alleging particular weeks in which a plaintiff worked over forty hours and was not paid overtime wages for excess time worked.[70] A bare assertion that there was a "policy and practice to deny earned wages, including overtime pay, to its hourly employees," is insufficient.[71] As discussed further above, Plaintiff meets the criteria for an exempt employee under the FLSA[72], and therefore summary judgment is appropriate on Plaintiff's FLSA overtime cause of action.

/ / /

---

[66] *Pitts v. Terrible Herbst*, 653 F.3d 1081, 1092-1093 (9th Cir., 2011); Fed.R.Civ.P. 23(c).
[67] *Marshall v. Pollin Hotels II, LLC*, 170 F.Supp.3d 1290, 1297 (D.Or. 2016).
[68] *Chao v. A-One Med. Servs.*, 346 F.2d 908, 918 (9th Cir, 2003) (willfulness allows an employee to go back 3 years rather than just 2 for SoL purposes).
[69] *White v. Starbucks Corp.,* 497 F.Supp.2d 1080, 1083 (N.D.Cal. 2007).
[70] *Nye v. Burberry*, 2017 U.S.Dist. LEXIS 50544 *10 (D.Nev., Apr. 3, 2017).
[71] *Id.*
[72] *Supra* p. 9.

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

**b. Plaintiff Admits Music Tribe has No Policy to Refuse Overtime**

Plaintiff has alleged without merit that Music Tribe "has a policy, program or practice it implemented to fail or refuse to pay employees' time worked over forty (40) hours per week to avoid overtime"[73] This allegation is established as false through Plaintiff's own admission. In his deposition, Plaintiff was asked "Do you have any proof that Music Tribe had a policy that was designed to deprive employees, such as yourself, of overtime pay?" and answered "No, I don't have any proof that it was something they maliciously did."[74] Further, discovery is now closed, and Plaintiff has failed to come forth with any evidence that Music Tribe had any policy, program, or practice to deprive employees of overtime.

Contrary to Plaintiff's assertion, Music Tribe actually did have a policy, program, and practice of tracking non-exempt employees' overtime, which would sufficiently allow employees to receive accurate overtime payment. Employees were required to enter their hours in the company program, NovaTime, which tracked their overtime.[75] Despite this policy, Plaintiff would compile his hours and his team's hours on scrap paper, fail to enter the numbers into the company system, and provide vague, unclear, and potentially incorrect hours.[76] In Plaintiff's own words, "Weekend hours are a mix of texts, emails, two post-it notes, and something scribbled on the back of my hand. Can you get the guys to fill this in please? They're animals I tell you, ANIMALS. but you already know this."[77]

As Plaintiff has failed to establish that Defendant has a policy or practice of nonpayment of employees' overtime, and Plaintiff has failed to provide evidence to support his FLSA claim, summary judgment is appropriate on Plaintiff's first cause of action.

**c. Plaintiff was Fully Compensated, and his Second Cause of Action Fails as a Matter of Law**

Plaintiff's second cause of action alleges that Plaintiff was not compensated for all hours worked, in violation of NRS 608.140 and 608.016. NRS 608.016 states that "except as otherwise

[73] First Amended Complaint, Doc. 5, page 9.
[74] Deposition of Shane Sipe, 194:13-20, attached hereto as Exhibit C2.
[75] Email from Shane Sipe to Kelly Peck, MUSICTRIBE000348 (Apr. 22, 2019), attached hereto as Exhibit V.
[76] Email from Shane Sipe to Robert Pesti and Kelly Peck, SS00038-39 (Feb. 25, 2019), attached hereto as Exhibit N.
[77] Id.

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

provided in NRS 608.0195 and 608.215, an employer shall pay to the employee wages for each hour the employee works." This statute protects employees from compensation below minimum wage, or from being paid for less hours than actually worked.[78] Additionally, while not pled in the First Amended Complaint, NRS 608.018 elaborates on overtime payments to employees, stating that overtime is due at 1 ½ times an employee's regular wage rate, but that this provision does not apply to "(d) Employees who are employed in bona fide executive, administrative or professional capacities."

Plaintiff alleges in this cause of action that he, and those similarly situated, were not compensated for their overtime hours worked in violation of NRS 608.016. This claim fails as a matter of law. First, NRS 608.016 does not apply to overtime wages; only to an employee's compensation for all hours worked. Second, an 'hours worked' requirement does not apply to a salaried position, so long as the salary, when broken down, equates an amount greater than minimum wage.[79] "[N]o violation occurs 'so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly standard."[80]

Finally, as discussed above, Plaintiff was employed in a "bona fide executive, administrative or professional" capacity pursuant to NRS 608.018.[81] At all relevant times, Plaintiff earned between $46,470 and $80,000 per year in salary. When broken down, this amount equals an amount well over minimum wage.[82] There is no genuine issue of material fact that Plaintiff was a salaried employee.[83] Additionally, Plaintiff was exempt from overtime in his position as the manager of his department.

Plaintiff has failed to allege that he was paid under minimum wage pursuant to NRS 608.016,

---

[78] *Porteous v. Capital One Servs. II, LLC.,* 809 Fed.Appx. 354, 358 (9th Cir., 2020) (stating that a plaintiff's plausible allegation that she was paid "$0 for each hour worked pre-and post- shift, which is less than minimum wage" was adequately pled under this statute.

[79] *Nye v. Burberry Ltd.,* 2017 U.S.Dist. LEXIS 50544 *6-8 (D.Nev., Apr. 3, 2017).

[80] *D'Amore v. Caesars Enter. Servs.*, No. 2:18-CV-1990 JCM (VCF), 2019 U.S.Dist. LEXIS 228495 *8 (D.Nev., Dec. 16, 2019) (dismissing plaintiff's FLSA minimum wage violation stating that plaintiffs failed to allege their "average hourly pay for any given workweek fell below the statutory minimum), citing *United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 490 (2d Cir. 1960).

[81] *Supra* page 11-12.

[82] At the very minimum, assuming no vacations or time off taken, at 52 weeks worked per year this amount would equal $38.46 per hour. Minimum wage in Nevada was $7.25 per hour in 2019, http://labor.nv.gov/uploadedFiles/labornvgov/content/Employer/Minimum%20Wage%20AB%20456.pdf.

[83] Exhibit I.

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

and therefore summary judgment is appropriate on Plaintiff's second cause of action.

**d. There is No Genuine Issue of Material Fact on Plaintiff's Claim for Unpaid Wages Because all Salaried Wages were Appropriately and Timely Paid to Plaintiff From October 2018 to July 2019**

Plaintiff's third cause of action states that Defendant "failed to timely pay all wages due and owing upon termination pursuant to NRS 608.140 and 608.020-050."[84] NRS 608.020 states that all final wages and compensation are due and payable immediately at termination. NRS 608.040 states that these final wages are due to a discharged within 3 days of the date they become due.

Plaintiff's First Amended Complaint alleges that Plaintiff was not paid "for all hours worked," and that "Defendant willfully refuses and continues to refuse to pay Plaintiff, and those similarly situated, who are former employees all the wages that were due and owing upon the termination of their employment."[85]

Plaintiff was fully compensated for all hours worked while he was receiving salary from October 2018 to his termination date, and he received a final paycheck.[86] Plaintiff has provided no credible evidence to support that he failed to receive accurate pay. For the check dates of February 16, 2018, May 11, 2018, and May 23, 2018[87], Plaintiff's timecards demonstrate that he was classified as a salaried employee and earned $1,823.00 biweekly.[88] On check date July 20, 2018, Plaintiff alleges in his computation that he was owed 10:38 in overtime hours, yet was actually paid for 12:67 in overtime hours, an overpayment of what he calculates was owed.[89] Plaintiff was not entitled to overtime pay during this period, but an exception was made for him on certain dates to compensate him for tasks that went above the call of duty.[90] These were those times when significant additional work needed to be completed over the course of a weekend, or when Music Tribe had to move its

---

[84] First Amended Complaint, Doc. 5, page 12.
[85] First Amended Complaint, Doc. 5, page 12.
[86] Shane Sipe, Pay Statement – July 15, 2019, MUSICTRIBE000242, attached hereto as Exhibit AB.
[87] Plaintiff's Computation of Unpaid Overtime Wages, Exhibit AD. (Erroneously labeled as 5/25/2018).
[88] Ceridian HR/Payroll, Pay Statement (Check Date Feb. 16, 2018), MUSICTRIBE000162, attached hereto as Exhibit S; Ceridian HR/Payroll, Pay Statement (Check Date May 11, 2018), MUSICTRIBE000174, attached hereto as Exhibit T; Ceridian HR/Payroll, Pay Statement (Check Date May 23, 2018), MUSICTRIBE000176, attached hereto as Exhibit U.
[89] Ceridian HR/Payroll, Pay Statement (Check Date July 20, 2018), MUSICTRIBE000184, attached hereto as Exhibit AE (Plaintiff is classified as an hourly employee).
[90] Depo. Of Sipe, 195:3-10, 195:11-18, 196:5-25 (Nov. 5, 2020), attached hereto as Exhibit C2.

facility, which was a major task.[91] Plaintiff's final five dates where he alleges unpaid overtime occur after Plaintiff's promotion to Senior Root Cause Analysis Technician, where Plaintiff is earning $3,076.92 biweekly.[92] Finally, Plaintiff's final paycheck issued on his termination date of July 15, 2019, contains an amount for 21 hours of overtime ($1,211.54).[93] Any "overtime payment" that Plaintiff received during all relevant time periods required special approval and was a special payment given in appreciation for special service.[94] Mr. Sipe admits that his demand for overtime pay when he wasn't entitled to it likely had something to do with his termination.[95]

As there is no evidence presented by Plaintiff to support that he was not compensated fully for his overtime worked, and there is no genuine issue of material fact that Plaintiff was a salaried and exempt employee during periods where he alleges overtime due and owing, summary judgment is warranted on this cause of action.

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

**e. There is No Genuine Issue of Material Fact on Plaintiff's Claim for Wrongful Termination Because Plaintiff Failed to Demonstrate a Causal Relationship Between Protected Activity and his Termination**

Plaintiff's cause of action for Wrongful Termination in Violation of Public Policy fails as a matter of law as there is no genuine issue of material fact that Plaintiff's termination was not causally linked to a protected activity.

"The Nevada Supreme Court has clearly established that an at-will employee may be discharged for any reason at the will of an employer," so long as that reason is not in violation of a public policy.[96] An employee is terminated in violation of public policy when they are terminated for engaging in conduct which is "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of discharge, and (4) substantial and fundamental."[97] Reporting to government agencies, engaging in whistleblower actions to reveal

[91] *Id*.
[92] Ceridian HR/Payroll, Pay Statement (Check Date Oct. 12, 2018), MUSICTRIBE000196, attached hereto as Exhibit K.
[93] Ceridian HR/Payroll, Pay Statement (Check Date July 15, 2019), MUSICTRIBE000242, attached hereto as Exhibit AA.
[94] Depo. Of Sipe, 195:3-10, 195:11-18, 196:5-25 (Nov. 5, 2020), attached hereto as Exhibit C2.
[95] Depo. Of Sipe, 171:15-19 (Nov. 5, 2020), attached hereto as Exhibit C2.
[96] *Hirschhorn v. Sizzler Restaurants Int'l*, 913 F.Supp. 1393, 1401 (D.Nev., Dec. 11, 1995).
[97] *Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir., 2003), citing *City of Moorpark v. Superior Court*, 18 Cal.

unlawful acts, and fraudulent activities are examples of sufficient public policy actions.[98] An internal reporting of defendant's alleged illegal activity cannot support a tortious discharge claim under Nevada law.[99] An employee "merely 'objecting' to company policies, especially when the objection is made in the form of an aside to a fellow employee rather than in the form of a protest or grievance to management, is not the kind of conduct, the kind of public policy-related confrontation between employer and employee, that can provide a basis for a tortious discharge action."[100]

Here, Plaintiff's fourth cause of action alleges that he was terminated from Music Tribe for requesting payment of his overtime wages.[101] However, Plaintiff admits that he was "offering a possible explanation" with this allegation, as Plaintiff states he has "no idea why I was fired."[102]

A request for overtime pay does not meet the definition of 'public policy,' especially where that employee is not entitled to receive overtime pay, and Plaintiff's cause of action for wrongful termination in violation of public policy fails. As discussed more fully above, Plaintiff was the manager of his department during all relevant time periods. He had input on hiring and firing, he assumed supervisory duties, he was responsible for training his team, he supervised more than two employees, and he attended manager meetings. Plaintiff's demand for overtime pay was done not because it was legitimate, but because Mr. Sipe wanted to use the claim to leverage more power for himself within the company.[103] This request does not "inure to the benefit of the public" as required by the four-part test for a public policy, as this was an individual request.[104]

Further, the factual scenario of Plaintiff's employment and termination has demonstrated a different picture than that painted in Plaintiff's First Amended Complaint. Plaintiff was not a model employee. Plaintiff was insubordinate to his supervisors, and sent emails which were unprofessional, crude, and demeaning.[105] In an email to Music Tribe CEO Uli Behringer, Plaintiff admits he got

---

4th 1143, 1159 (1998).

[98] *Freund*, 347 F.3d at 758; *Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc.,* No. 1:17-cv-01207-DAD-BAM, 2019 U.S.Dist. LEXIS 142321*27-35 (E.D.Cal., Aug. 21, 2019).

[99] *Biesler v. Prof'l Sys. Corp.,* 321 F.Supp.2d 1165, 1170 (D.Nev., 2004).

[100] *Bigelow v. Bullard*, 901 P.2d 630, 635 (Nev. 1995).

[101] First Amended Complaint, Doc. 5, page 13.

[102] Deposition of Shane Sipe, 92:1-23, attached hereto as Exhibit C2.

[103] Depo of Sipe, 174:24 – 176:11 (Nov. 5, 2020), attached hereto as Exhibit C2.

[104] *Freund*, 347 F.3d at 758.

[105] Deposition of Shane Sipe, 149:20-25, 150:1-22 (Q. All right. Can you explain, I mean it says, "Focus, Kelly. Do you feel anything smelling? Whatever makes everything go wrong is on you right now. Can you tell me anything about

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

himself fired.[106]

Plaintiff admits that he was a salaried employee, that requesting overtime payment as a salaried employee was not appropriate, and that there could be another explanation as to why he was terminated from his position.[107] There has been no evidence produced by Plaintiff in this case, or throughout the discovery period, that demonstrates that Plaintiff was terminated for requesting overtime pay or for otherwise engaging in an activity protected by public policy. Plaintiff's prima facie case for wrongful termination fails as a matter of law, and summary judgment is appropriate on Plaintiff's fourth cause of action.

**f. Summary Judgment is Appropriate on Plaintiff's Allegation That Music Tribe Failed to Provide a COBRA Notice Pursuant to 29 U.S.C. §1132(c)**

Paragraphs 11 and 12 of Plaintiff's First Amended Complaint allege that Music Tribe failed to provide timely and adequate notice regarding Plaintiff's right to continue in Defendant's insurance plan following Plaintiff's termination. Under 29 U.S.C. §1161, an employer is required to provide continuation coverage for group health plans to qualified beneficiaries who would lose coverage as a result of a qualifying event. Termination of employment is a qualifying event.[108] 29 U.S.C. §1132(c) allows a party to recover if the employer fails or refuses to comply with the plan continuation coverage. Compliance pursuant to 29 U.S.C. §1132(c)(1) states that the administrator is required to mail the material "to the last known address of the requesting participant or beneficiary within 30 days after such request…"

Here, there is no genuine issue of material fact that Music Tribe complied with the requirements under COBRA and ERISA. Music Tribe sent Plaintiff the required COBRA notice on

---

it?"…"Do you see this as being unprofessional at all?" "A. Absolutely. But, but at this point in time, that's the relationship that Kelly and I had…It was, it is not professional, but it was normal with her."), attached hereto as Exhibit C2; Deposition of Shane Sipe, 155:2-25, 156:1-13 ("Q. All right. And your subject line was Clear as Mud; is that right? A. Yes. Q. Why did you write that subject line, Clear as Mud? A. Mostly for lack of a proper title. It's nonsensical. Q. What's nonsensical? A. The subject. It's like a motorcycle door or ice cream bone. You got to put something in it. And I'm not going to spend 20 minutes trying to figure out what it should be. I'm just going to put something retarded."), attached hereto as Exhibit C2.

[106] Email from Shane Sipe to Uli Behringer, "What's the difference between a dead snake, and a dead attorney in the road?", MUSICTRIBE000151-152 (Oct. 13, 2019), attached hereto as Exhibit AC.

[107] Deposition of Shane Sipe, 171:15-25; 172:1-10, attached hereto as Exhibit C2.

[108] 29 U.S.C. §1163(2).

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

July 19, 2019, four days after Plaintiff's termination.[109] This document was sent to Plaintiff's former address on S. Decatur Blvd, where Plaintiff had not lived since March 2019.[110] Plaintiff testified in his deposition that he had no independent recollection of updating his address with his health insurance plan administrator, and "believed" he updated his address with Music Tribe when he moved in March 2019.[111]

## IV. CONCLUSION

For the reasons set forth above, Defendant respectfully asks the Court to enter summary judgment in its favor and against Plaintiff on Plaintiff's claims for Class Certification, Class Action, violation of the Fair Labor Standards Act, violation of NRS Chapter 608, and violation of Nevada public policy upon termination of Plaintiff's employment.

Dated: December 17, 2020

Respectfully submitted,

HUTCHINGS LAW GROUP, LLC

By: ***/s/ Mark H. Hutchings***

Mark H. Hutchings, Esq.
552 E. Charleston Blvd.
Las Vegas, NV 89104
Telephone: (702) 660-7700
*Attorneys for Defendant*

[109] Letter from Music Tribe to Shane Sipe, COBRA Rights Notification, MUSICTRIBE000277-000286 (July 19, 2019), attached hereto as Exhibit Z.

[110] Deposition of Shane Sipe, 60:14-25, 61:1-24, attached hereto as Exhibit C1.

[111] Deposition, 60:23-25, 61:1-8, attached hereto as Exhibit C1.

**CERTIFICATE OF SERVICE**

I am employed in the County of Clark, State of Nevada. I am over the age of 18 and not a party to the within action. My business address is 552 E. Charleston Blvd., Las Vegas, NV 89104.

On the date set forth below, I served the document(s) described as:

1. **DEFENDANT MUSIC TRIBE COMMERCIAL NV, INC'S MOTION FOR SUMMARY JUDGMENT**

on the person(s) listed below:

**Trevor J. Hatfield, Esq.**
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff Shane Sipe*

__X__ (BY ELECTRONIC SERVICE) Pursuant to Local Rule IC 4-1 of the United States District Court for the District of Nevada, I caused the document(s) described above to be transmitted electronically to the addressee(s) as set forth above.

__X__ (FEDERAL) I declare that I am employed in the office of an attorney admitted to practice in this Court at whose direction the service was made.

Dated: December 17, 2020

*/s/ Helen Buenrostro*
An employee of HUTCHINGS LAW GROUP

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104