Mark H Hutchings, Esq.
Nevada Bar No. 12783
**HUTCHINGS LAW GROUP, LLC**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 660-7700
Facsimile: (702) 552-5202
MHutchings@HutchingsLawGroup.com

*Attorneys for Music Tribe Commercial NV Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANE SIPE, an individual<br><br>Plaintiff,<br><br>v.<br><br>MUSIC TRIBE COMMERCIAL NV INC;<br>DOES I through X, inclusive; ROE<br>CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.   2:20-cv-00299-JCM-BNW<br><br>**AFFIDAVIT OF RUSTY SAFFORD IN SUPPORT OF MUSIC TRIBE COMMERIAL NV INC.'S MOTION FOR SUMMARY JUDGMENT** |

STATE OF NEVADA      )
                     ):ss
COUNTY OF CLARK      )

I, Rusty Safford, do hereby swear under penalty of perjury that the following assertions are true to the best of my knowledge and belief:

1. I am the Customer Quality Service Leader of Music Tribe Commercial, NV. Inc. in the above-entitled action. I am authorized by my employer to make this affidavit, and I make this affidavit based upon my own personal knowledge, and, if called as witness, would testify as stated herein.

2. The employment records, correspondence, and evidence disclosed and attached as Exhibits to Defendant's Motion for Summary Judgment, and referred to within this Affidavit, were made

1

contemporaneously by the HR Department of Defendant when received.

3. The employment records, correspondence, and evidence disclosed and attached as Exhibits to Defendant's Motion for Summary Judgment, and referred to within this Affidavit, are records of regularly conducted activity at Music Tribe.

4. It is a regular practice of Music Tribe to retain communications, emails, and employee records and personnel activity.

5. As witness, I would testify as to the admissibility of the referenced records and documentation pursuant to FRE 803(6).

6. Plaintiff Shane Sipe was hired as a Service Technician by Defendant Music Tribe on January 3, 2012. (True and correct copy of Plaintiff's Employment Agreement is attached to Defendant's Motion for Summary Judgment, Exhibit B.)

7. Plaintiff received health insurance through Music Tribe, fully paid by Music Tribe, as shown in Mr. Sipe's employment file and as admitted to during his deposition.

8. Plaintiff received wage increases based on annual raises and merit increases. (True and correct copy of Plaintiff's promotion letters are attached to Defendant's Motion for Summary Judgment, Exhibits D through G).

9. During all relevant time periods (February 12, 2018 through July 10, 2019), Shane Sipe was a supervisor in the Repairs Department at the Music Tribe Las Vegas facility, and was properly classified as exempt and paid a salary for his services.

10. Plaintiff was promoted to Senior Root Cause Analysis Technician on August 30, 2018. (True and correct copy of Music Tribe's Offer Letter to Shane Sipe attached to Defendant's Motion for Summary Judgment as Exhibit I).

11. The Senior Root Cause Analysis Technician position was a salaried position. (True and correct copy of the Job Description for this position is attached to Defendant's Motion for Summary Judgment as Exhibit J).

12. Plaintiff was paid $80,000 per year in salary for his work as a Sr. Root Cause Analysis Technician. (True and correct copy of the Offer Letter attached to the Motion as Exhibit I, and true and correct copies of Plaintiff's pay statements are attached to the Motion as Exhibit K

and Exhibit L).

13. The job description for the Sr. Root Cause Analysis Technician position involves supervision of the technician's team, as well as management, support, and coaching. (Exhibit J).

14. As part of his position, Plaintiff supervised two or more employees. (True and correct copy of an email sent from Shane Sipe to Human Resources Manager Kelly Peck attached to the Motion as Exhibit M).

15. As part of his position, Plaintiff compiled and reported the hours and overtime worked by his team members. (True and correct copy of an email sent from Shane Sipe to Kelly Peck and Robert Pesti attached to the Motion as Exhibit N; true and correct copy of a Microsoft Teams conversation between Shane Sipe and Kelly Peck, attached to the Motion as Exhibit P).

16. As part of his position, Plaintiff was invited to leadership meetings. (True and correct copy of email from Shane Sipe to Kelly Peck, attached to the Motion as Exhibit Q).

17. Music Tribe has a program called NovaTime, where employees enter and track the hours they work. (Exhibit N).

18. Plaintiff reported the hours for his team and kept poor records of hours and overtime worked by his team members. (True and correct copy of email sent by Shane Sipe to Kelly Peck attached to the Motion as Exhibit N and Exhibit V).

19. Plaintiff sent degrading, sarcastic, and rude emails to Kelly Peck throughout his position as Sr. Root Cause Analysis Technician. (True and correct copies of emails sent by Shane Sipe to Kelly Peck attached to the Motion as Exhibit R, Exhibit W).

20. Plaintiff did not routinely receive overtime payments as an exempt salaried employee of Music Tribe. (True and correct copies of Plaintiff's pay statements attached to the Motion as Exhibit K and Exhibit L).

21. Any overtime paid to Plaintiff from February 12, 2018 through July 15, 2019 was either a special exception approved by the Human Resources Department or was an overpayment to Plaintiff that appears to have occurred based on information Mr. Sipe took it upon himself to provide to Music Tribe's HR office in Los Angeles.

22. Music Tribe terminated Plaintiff's employment on July 10, 2019. (True and correct copy of

3

Termination Letter attached to the Motion as Exhibit Y).

23. Music Tribe issued Plaintiff's final paycheck on July 15, 2019. (True and correct copy of Pay Statement attached to the Motion as Exhibit AB).

24. Music Tribe's health insurance administrator sent a COBRA Rights Notification to Plaintiff on July 19, 2019. (True and correct copy of COBRA letter attached to the Motion as Exhibit Z).

25. At the time of Plaintiff's termination, his address was listed as 4201 S. Decatur Blvd, Apt #2062, Las Vegas, NV 89103. (True and correct copy of COBRA letter attached to the Motion as Exhibit Z).

26. Music Tribe sent Plaintiff's 2019 W-2 to Plaintiff's listed address of 4201 S. Decatur Blvd, Apt #2062, Las Vegas, NV 89103. (True and correct copy of Plaintiff's 2019 W-2 (redacted) attached to the Motion as Exhibit AA).

27. Music Tribe has no plan or practice of denying overtime to employees.

Further your affiant sayeth naught.

_____
Rusty Safford

Subscribed and sworn to before me, this ___14___ day of December, 2020.

_____
[Signature of Notary]

_____
[Printed Name of Notary]
NOTARY PUBLIC

[Notary Seal]

HELEN BUENROSTRO
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 05-14-24
Certificate No: 12-6705-1